[Crim. No. 3678. Fourth Dist., Div. Two. Mar. 5, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHNNIE DICK SCHOONOVER, Defendant and Appellant.

**COUNSEL**

Richard J. Weller, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Robert F. Katz, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**GARDNER, J.**—This is an appeal by the defendant after his conviction by a jury of two counts of violations of Vehicle Code, section 23101.

At approximately 6 p.m. on March 30, 1968, a Mr. and Mrs. Lenz were driving east on Foothill Boulevard in San Bernardino. The defendant, coming from the opposite direction, crossed the double line and hit the Lenz car head-on, causing serious injuries to Mr. and Mrs. Lenz. The defendant was incoherent, and his breath was strongly alcoholic. He had trouble maintaining his balance and his speech was slurred. Because the defendant had

received a blow on the head, he was not given the usual roadside test, but a sample of his blood was taken which showed that he had a blood alcohol content of .20 percent. An expert testified that a person with such a blood alcohol content would be under the influence of alcohol and could not operate a motor vehicle as safely as would a normal, sober person. The defendant testified that he had two or three glasses of beer, did not remember the accident, only that he opened the window windwing vent or air vent, dirt got in his eye, and he woke up in the hospital.

Defendant does not challenge the sufficiency of the evidence to sustain the verdict of the jury.

His contentions are as follows:

## I.

THAT THE INFORMATION WAS NOT SUFFICIENT TO CHARGE THE COMMISSION OF A PUBLIC OFFENSE, AND THE GENERAL VERDICTS BASED ON THE DEFECTIVE INFORMATION MUST BE REVERSED.

■ The essence of this complaint appears to be that the information, although phrased in the language of the applicable statute, does not provide adequate forewarning of any possible acts forbidden by law which he was charged with committing.

The information in each count charged the defendant with violation of section 23101 of the Vehicle Code, in that "He did unlawfully drive a vehicle, while under the influence of intoxicating liquor and in an unlawful manner, proximately causing bodily injury to . . . a human being."

This contention is answered squarely by the case of *People v. Johnson*, 230 Cal.App.2d 80, 83 [40 Cal.Rptr. 711], in which an information was sustained that charged: " '. . . while under the influence of intoxicating liquor, he [the defendant] did drive a vehicle and when so driving did an act forbidden by law . . . which act proximately caused bodily injury to [the victim].' "

There, too, the defendant attacked the pleading as lacking in sufficient detail to apprise him of the nature of the forbidden conduct of which he was accused. However, at page 84, the court held: "A statute does not lack precision when it refers to 'any act forbidden by law . . . in the driving of such vehicle.' Every operator of a motor vehicle is required to know what acts are forbidden by law. This standard is not vague or uncertain."

In holding that the information met the due process requirement that a defendant receive adequate notice, the court in the *Johnson* case noted that the defendant had access to the transcript of the preliminary hearing which

contained testimony that the defendant tried to pass another vehicle without sufficient clearance, thus apprising him at the trial of the unlawful act with which he was charged.

In the instant case the act forbidden by law was shown to have been sharply crossing the center line of the highway. From all indications in the record, testimony to this effect was presented at the preliminary hearing, the transcript of which was in possession of defense counsel at the trial.

Under any circumstances, if the defendant, in fact, felt prior to trial that no adequate notice was given as to the "act forbidden by law" which was charged against him, he could have filed a special demurrer.

"If the defendant does not demur, the pleading in the terms of the statute would be sufficient under section 952 of the Penal Code." (*People v. Clenney,* 165 Cal.App.2d 241, 254 [331 P.2d 696]; accord *People v. Johnson, supra,* 230 Cal.App.2d 80, 86.)

## II.

### That the Trial Court Prejudicially Erred in Giving the Jury an Instruction Concerning the Elements of Felony Drunk Driving in That the Instruction Did Not Adequately State the Degree of Impairment Necessary to Constitute The Offense.

The jury was given the following instruction taken from CALJIC 971 (rev.) which, in pertinent part, provides: "A person is under the influence of intoxicating liquor when as a result of drinking such liquor his physical or mental abilities are impaired so that he no longer has the ability to drive a vehicle with the caution characteristic of a sober person of ordinary prudence, under the same or similar circumstances."

Defendant asserts that terms such as "sober person" and "ordinary prudence" are so lacking in precise meaning as to allow the jury possibly to believe that *any* consumption of alcoholic beverages would be sufficient. Defendant contends that a proper instruction would have to include the requirement that the defendant be so affected by intoxicants as "to impair to an appreciable degree" his ability to operate a motor vehicle.

Before its revision, CALJIC 971 used an established and traditional instruction defining the degree to which a person must be influenced by alcohol to warrant a conviction under the law. This concept was first promulgated in 1922 in the case of *People v. Dingle,* 56 Cal.App. 445, 449 [205 P. 705], in which the court held: " . . . with respect to the meaning of the phrase 'under the influence of intoxicating liquor,' as used in this

statute, we think we are well within the bounds of accuracy in saying that if intoxicating liquor has so far affected the nervous system, brain, or muscles of the driver of an automobile as to impair, to an appreciable degree, his ability to operate his car in the manner that an ordinarily prudent and cautious man, in the full possession of his faculties, using reasonable care, would operate or drive a similar vehicle under like conditions, then such driver is 'under the influence of intoxicating liquor' within the meaning of the statute."

This standard has been applied in many cases, including *People* v. *Haeussler,* 41 Cal.2d 252 [260 P.2d 8]; *People* v. *Ekstromer,* 71 Cal.App. 239 [235 P. 69].

However in 1967, the authors of CALJIC, apparently feeling that a more meaningful, understandable and considerably less verbose instruction would be helpful to a jury, adopted CALJIC 971 (rev.). While it would have been comfortable (and safe) for the editors of CALJIC to have stayed with the original instruction which had received the judicial stamp of approval, we feel that the new instruction, nevertheless, properly sets forth the degree of impairment necessary to constitute the offense charged. In other words, while the *Dingle* test is a proper statement of the test, this does not necessarily mean, in the science of semantics, that the language used by *Dingle* is the *only* way to properly express the test. Had *Dingle* never been written and were CALJIC 971 (rev.) presented to an appellate court for the first time, we feel that there would be no question but that it properly advises the jury as to the standard to be met for a conviction under this law.

Even *Dingle* uses other language to cover the situation (and from which CALJIC 971 (rev.) was probably taken) when it says at page 449: ". . . [the evidence] shows that he was so far under the influence of the intoxicant that, to an appreciable degree, he had lost the ability to drive his car in the manner that an ordinarily prudent and cautious person, in the full possession of his faculties and using due care, would have driven it under like conditions."

We cannot agree that the terms such as "sober person" and "ordinary prudence" are so lacking in precise meaning as to allow the jury possibly to believe that the consumption of *any* alcoholic beverages, however small, would be sufficient to uphold a conviction. Parenthetically, if "ordinary prudence" lacks precise meaning, generations of jurors have been inadequately instructed in negligence cases.

If this instruction is imprecise, an even more imprecise instruction was approved in *People* v. *Ekstromer, supra,* 71 Cal.App. 239, 244, where the

instructions given were as follows: " 'I instruct you that the term "under the influence of intoxicating liquor" means that he must have drank enough intoxicating liquor to have disturbed the actions of his physical or mental faculties so that they were no longer in their natural or normal condition'; and . . . 'The law as herein set forth does not define the terms "influence" or "intoxicating," and therefore the jury must accept the common, ordinary definition of these words according to their context and approved usage of our language.' "

The court, at page 245, stated: "The requested instruction which was given clearly contrasts the condition of 'sober' with 'under the influence of liquor,' thereby affording substantial ground for the substitution of the term 'intoxicated' for the latter. It is generally recognized that intoxication is a matter of non-expert opinion, and the charge to the jury to determine the meaning of the words 'influence' and 'intoxicating' by the approved usage of our language was, in fact, but such a statement."

An even less precise instruction was approved in the case of *People* v. *McKee,* 80 Cal.App. 200, 204 [251 P. 675]; in the *McKee* case, the instruction read in part: ". . . that said machine was being driven in an unlawful manner, to wit, while the driver was under the influence of intoxicating liquor. . . ."

The defendant attacked this instruction for its use of the words "under the influence of intoxicating liquor" without further elaboration. The court held at pages 204-205: "These are the words used in the act, and as so used we think they have a well-understood meaning . . . it seems to us, that 'under the influence of intoxicating liquors' means what common usage has ascribed to the word, to wit, not that he should be intoxicated to the extent that his faculties are completely impaired, but only that degree of influence which looses the bonds of self-restraint and causes him to operate his car in a manner different from that in which it would be operated by an ordinarily cautious and prudent person."

The only thing missing from CALJIC 971 (rev.) is the magic phrase, "to an appreciable degree." Yet what other meaning can reasonably be given to an instruction which says that the driver's ability to operate a car is so impaired that he no longer has the ability to drive with the cautious characteristics of a sober person of ordinary prudence under the same or similar condition?

We hold, therefore, that CALJIC 971 (rev.) properly defines "under the influence of intoxicating liquor."

## III.

### THE DEFENDANT CONTENDS THAT THE INVESTIGATING OFFICER'S TESTIMONY THAT AN UNKNOWN MOTORIST TOLD HIM THERE WAS AN OPEN CONTAINER OF ALCOHOL IN THE DEFENDANT'S AUTOMOBILE CONSTITUTES HEARSAY.

■ Counsel for the defendant did not object to the introduction into evidence of this statement at trial, nor was there a motion to strike or a request to admonish the jury. In the absence of such an objection or such a motion, if timely objection is impossible, hearsay evidence is relevant and will support a judgment. We cannot consider this contention for the first time on appeal.

## IV.

### FINALLY, THE DEFENDANT MAINTAINS HE WAS NOT ADVISED OF HIS CONSTITUTIONAL RIGHTS PRIOR TO MAKING CERTAIN INCRIMINATING STATEMENTS TO THE INVESTIGATING OFFICER AT THE SCENE OF THE ACCIDENT (*Miranda* v. *Arizona,* 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]) AND THAT, THEREFORE, THE ADMISSION IN EVIDENCE OF HIS EXTRAJUDICIAL STATEMENTS CONSTITUTED PREJUDICIAL ERROR.

■ However, this trial was held well after the exclusionary rules on extrajudicial statements were developed, and inasmuch as the defense did not object to admission of the officer's conversation with defendant at the time of trial, he is precluded from raising the issue for the first time on appeal. (*People* v. *Eggleston,* 255 Cal.App.2d 337, 341 [63 Cal.Rptr. 104].)

Judgment affirmed.

Kerrigan, Acting P. J., and Tamura, J., concurred.