[Civ. No. 50355. First Dist., Div. One. May 5, 1981.]

JULIO GONZALEZ LAMADRID, Plaintiff and Appellant, v. THE MUNICIPAL COURT FOR THE SAN LEANDRO-HAYWARD JUDICIAL DISTRICT OF ALAMEDA COUNTY, Defendant and Respondent; THE PEOPLE, Real Party in Interest and Respondent.

COUNSEL

James R. Jenner, Public Defender, and Martha J. Carlton, Assistant Public Defender, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien and William D. Stein, Assistant Attorneys General, Gloria F. DeHart and Laurence K. Sullivan, Deputy Attorneys General, for Real Party in Interest and Respondent.

OPINION

**THE COURT.\***—Julio Gonzalez Lamadrid appeals from a judgment denying his petition for a writ of mandate or prohibition to compel a

---

*Before Racanelli, P. J., Elkington, J., and Newsom, J.

municipal court to sustain his demurrer to a count of a misdemeanor complaint pending against him in the municipal court. The count ostensibly charges vehicular manslaughter; appellant contends that the count does not give him constitutionally adequate notice of the allegations against which he will be required to defend. We agree. Therefore we reverse with directions.

The manslaughter count alleges in pertinent part that "said defendant did, [at a specified time and place] commit a MISDEMEANOR to-wit: MANSLAUGHTER, a violation of Subsection 3(b) of Section 192 of the Penal Code . . . , in that said defendant did, while driving a vehicle, unlawfully and without malice kill MARK LACKIE, in the commission of an unlawful act not amounting to a felony without gross negligence, and in the commission of a lawful act which might produce death, in an unlawful manner without gross negligence."

As phrased the count is in substantially the words of subdivision 3(b) of section 192 of the Penal Code, and is thus in accord with the general rule that a criminal pleading "may be in the words of the enactment describing the offense or declaring the matter to be a public offense . . . ." (Pen. Code, § 952.) Appellant demurred, contending that the count must nevertheless identify the "unlawful act" and the "lawful act which might produce death, [committed] in an unlawful manner" to which it refers. Following the overruling of his demurrer, appellant sought extraordinary relief by writ petition to the superior court. That petition was denied, and this appeal ensued.

We initially consider two procedural arguments interposed by the People and respondent (real party in interest below).

First, the People argue that the superior court should properly have denied the petition outright because appellant had an adequate remedy by appeal from any judgment of conviction. (Cf. *Provencher* v. *Municipal Court* (1978) 83 Cal.App.3d 132, 133-134 [147 Cal.Rptr. 615]; *Hogya* v. *Superior Court* (1977) 75 Cal.App.3d 122, 128-129 [142 Cal.Rptr. 325].) It is well established that the court in which extraordinary review is sought has discretion to gauge the potential adequacy of subsequent appellate review on a case-by-case basis. (Cf. *Rescue Army* v. *Municipal Court* (1946) 28 Cal.2d 460, 466-467 [171 P.2d 8]; *Ertman* v. *Municipal Court* (1945) 68 Cal.App.2d 143, 149

[155 P.2d 908, 156 P.2d 940].) Since the superior court reached the merits, it implicitly determined that a subsequent appeal would not afford an adequate remedy. By his demurrer appellant sought adequate notice in order to prepare for trial. It would have been wholly futile to have required him to go to trial without such minimum notice. Accordingly, the superior court's decision to reach the merits was well within its broad discretion.

The People next argue that since appellant sought *dismissal* of the manslaughter count, the superior court's order denying such relief was proper because dismissal would have been inappropriate. Appellant responds that he simply sought to compel the municipal court to sustain his demurrer. In the specific circumstances of this action, it would have been appropriate for the superior court to grant the writ ordering the demurrer sustained within 10 days leave to amend reserved to the People. (Cf. Pen. Code, § 1007.) The petition adequately stated a claim for this relief; its perhaps inartful phrasing would not operate to bar otherwise appropriate remedies.

■ On the merits appellant relies primarily on our decisions in *Sallas* v. *Municipal Court* (1978) 86 Cal.App.3d 737 [150 Cal.Rptr. 543] and *People* v. *Clenney* (1958) 165 Cal.App.2d 241 [331 P.2d 696]. From these and other cases it is clear that while an allegation in the statutory language may be held sufficient (when reviewed on appeal) if the defendant has chosen not to demur (cf., e.g., *People* v. *Schoonover* (1970) 5 Cal.App.3d 101, 105 [85 Cal.Rptr. 69]; *People* v. *Johnson* (1964) 230 Cal.App.2d 80, 85 [40 Cal.Rptr. 711]; *People* v. *Clenney, supra,* 165 Cal.App.2d 241, 254), a pleading which satisfies section 952 will not invariably, when tested by demurrer, satisfy due process notice requirements (cf. *People* v. *Jordan* (1971) 19 Cal.App.3d 362, 369 [97 Cal.Rptr. 570]; cf. also *People* v. *Clenney, supra,* 165 Cal.App.2d 241, 253). ■ Due process requires that an accused receive notice of the charges against him sufficient to give him reasonable opportunity to prepare and present his defense and in order not to be taken by surprise by evidence at his trial. (*Sallas* v. *Municipal Court, supra,* 86 Cal. App.3d 737, 742.) Neither discovery nor an assumption that the accused has pertinent knowledge may be relied upon to furnish the requisite notice, and in misdemeanor prosecutions no transcript of preliminary examination or grand jury proceedings will be available (as it would be in felony proceedings) to augment the allegations of the plead-

ing. (*Sallas* v. *Municipal Court, supra*, 86 Cal.App.3d 737, 742-743; *People* v. *Clenney, supra*, 165 Cal.App.2d 241, 253-254.)

■ Appellant argues that the broad allegations of "unlawful act" and "lawful act which might produce death, in an unlawful manner," are insufficient to provide constitutionally adequate notice of the specific criminal conduct he would be required to meet at trial. We agree. ■ A violation of subdivision 3(b) of section 192 of the Penal Code may be shown by proving the accused's negligence (cf. *In re Dennis B.* (1976) 18 Cal.3d 687, 696-697 [135 Cal.Rptr. 82, 557 P.2d 514]; *People* v. *DeSpenza* (1962) 203 Cal.App.2d 283, 291 [21 Cal. Rptr. 275]) or by any other "unlawful act" or instance of unlawful conduct. "An act which is expressly forbidden by law is an unlawful act and an act committed in a manner forbidden by law is committed in an unlawful manner." (*People* v. *Wilson* (1947) 78 Cal.App.2d 108, 114 [177 Cal.Rptr. 567].) ■ Under our holding in *Sallas, supra*, appellant was entitled to be advised with some particularity which of the several available factual theories the People would rely upon. The People narrowly construe our earlier holdings, and cognate cases (cf., e.g., *In re Rudolfo A.* (1980) 110 Cal.App.3d 845, 853-857 [168 Cal.Rptr. 338]), to apply to situations in which "the offense charged consisted in its material elements of two or more specific statutes, ordinances or regulations." However, neither those decisions nor the requirements of due process can be so limited. The cases on which the People rely (*People* v. *Schoonover, supra*, 5 Cal.App.3d 101, *People* v. *Johnson, supra*, 230 Cal.App.2d 80, and *People* v. *Wilson, supra*, 78 Cal.App.2d 108) are distinguishable: In each case there was no demurrer, and by electing not to demur each defendant effectively surrendered any argument that the pleading couched in the statutory language did not give him adequate notice for purposes of trial.

The People also argue that since appellant had access to the police report of the accident, that report provided sufficient actual notice. Although the record reflects a police report was filed (an attachment to a declaration for an arrest warrant) it was not incorporated into the complaint and on its face is incomplete and so overbroad as to add no significant specificity. Our suggestion, in *Mandel* v. *Municipal Court* (1969) 276 Cal.App.2d 649, 653 [81 Cal.Rptr. 173], that a crime report might properly be attached to a complaint and incorporated therein by reference does not apply to this action since here the police report is neither attached to nor mentioned in the complaint.

The judgment is reversed and remanded to the superior court with directions to issue a writ of mandate compelling the municipal court to enter its order sustaining the demurrer to the manslaughter count with 10 days leave to amend.

A petition for a rehearing was denied June 3, 1981, and the petition of real party in interest and respondent for a hearing by the Supreme Court was denied July 29, 1981.