[Crim. No. 42044. Second Dist., Div. One. Oct. 14, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL ROY LEWIS, Defendant and Appellant.

**COUNSEL**

Keith C. Monroe and Deanna F. Lamb for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Gary R. Hahn and Donald E. De Nicola, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**LILLIE, Acting P. J.**—A jury found defendant guilty of driving while under the influence of intoxicating liquor in violation of section 23101, subdivision (a), Vehicle Code, a felony. He appeals from the judgment.

At 10:30 p.m. on October 7, 1980, defendant with a passenger drove his Pontiac Trans-Am southbound on Highway 39 in Azusa Canyon, a mountain road, between 50 and 60 miles per hour;[1] attempting to round a curve near the San Gabriel Dam area, he applied the brakes but his car skidded into the left northbound lane of oncoming traffic causing a head-on collision with a Mazda driven by David Moore in which were three passengers; as a result of the collision defendant's car spun around and came to rest pointing north in its own southbound lane, and the Mazda flipped over on its side near the shoulder of its own northbound lane; occupants of the Mazda and the passenger in the Pontiac were seriously injured. It was Officer Perez' expert opinion that 25-30 miles per hour would be the greatest safe speed for where the collision occurred.

Ten minutes later (10:40 p.m.) Officer Angulo, then Highway Patrol Officer Perez, an 11-year veteran, arrived at the scene; Officer Perez noticed a "moderate odor" of alcohol on defendant's breath and that his eyes seemed bloodshot and showed nystagmus. After defendant told him he was not in pain and suffered no injury other than a cut lip, Officer Perez asked him to perform various field sobriety tests, all of which he failed to satisfactorily execute. Officer Perez formed the opinion defendant was under the influence of alcohol to the extent that his driving would be impaired, and arrested him.

Defendant was advised of his constitutional rights which he waived, and told Officer Perez he had drunk one beer and one brandy between 6 and 7:30 p.m. but did not feel the effects; "I really don't know what happened. We were southbound in the southbound traffic lane of Highway 39 at approximately 40-45 miles per hour having a good time when I saw these headlights in front of me. The next thing I know, we crashed." At 12:45 a.m. a blood sample was taken from defendant which revealed a blood alcohol content of .11. An expert testified that at the time of the collision (two and one-fourth hours earlier) he would have had a blood alcohol ratio of .14; he also said that defendant's blood alcohol content at the time of taking the blood sample would have been zero if all he had was one beer and one brandy six hours earlier.

---

[1] At trial Mark Drysdale, one of the passengers in David Moore's Mazda, testified defendant's Pontiac was coming towards the Mazda "I'd say about 50, 55 or 60" miles an hour.

Defendant testified that when he rounded the curve and found himself confronted with the Mazda coming directly toward him in his own lane, he was going 45 miles an hour, hit his brakes, skidded and crashed. At 6 p.m. he had consumed one bottle of beer, and between 7 and 8 p.m., a two- or three-ounce glass of brandy.

I

AMENDED INFORMATION

On January 30, 1981, defendant was charged by way of information with a violation of section 23101, subdivision (a), Vehicle Code in the language of the statute alleging that on October 7, 1980, while under the influence of intoxicating liquor he drove a vehicle upon a highway and in so doing did "an act forbidden by law in violation of Vehicle Code Section 21661" which proximately caused bodily injury to five named persons. This accusatory pleading was sufficient. (*People* v. *Clenney* (1958) 165 Cal.App.2d 241, 253-254 [331 P.2d 696].) On November 23, 1981, two days before trial the court permitted the prosecutor to amend the information to include after "Vehicle Code Section 21661" (mountain driving), Vehicle Code sections 21650 (driving on right half of roadway), 21657 (driving pursuant to designated traffic direction), 22350 (basic speed law).[2] This amended information is also sufficient. (*People* v. *Schoonover* (1970) 5 Cal.App.3d 101, 105 [85 Cal.Rptr. 69]; *People* v. *Johnson* (1964) 230 Cal.App.2d 80, 84 [40 Cal.Rptr. 711].) Appellant contends the trial court abused its discretion in allowing the addition of the three traffic violations (Veh. Code, §§ 21650, 21657, 22350) as acts forbidden by law. He directs his challenge specifically to the violation of section 22350 because the statute of limitations had run on the speeding violation and the court had no authority to amend the information to include it, and at the preliminary hearing there was no "fair warning" that a speeding violation might be charged and he was deprived of an ability to challenge it.

A. *Statute of Limitations*

Without merit is appellant's contention that because the statute of limitations had run on the speeding infraction the court had no authority to amend the information to include it as a component of the crime charged. Defendant was neither charged with nor convicted of the speed law infraction (§§ 22350, 4000.1, Veh. Code); defendant was charged with and con-

---

[2]Section 22350 provides: "No person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent having due regard for weather, visibility, the traffic on, and the surface and width of, the highway, and in no event at a speed which endangers the safety of persons or property."

victed of driving while under the influence of intoxicating liquor, with injury, in violation of section 23101, subdivision (a), a felony. It is the charged offense, not a mere element of the charged offense, even though the component element is a subordinate offense, that determines the applicable statute of limitations. (*People* v. *Lilliock* (1968) 265 Cal.App.2d 419, 430-432 [71 Cal.Rptr. 434] [felony murder, although prosecution for constituent felony barred by statute of limitations]; *Davis* v. *Superior Court* (1959) 175 Cal.App.2d 8, 20-21 [345 P.2d 513] [conspiracy, although misdemeanor constituting objective of conspiracy barred by statute of limitations].) The statute of limitations applicable to a violation of section 23101, subdivision (a), Vehicle Code is three years. (§ 800, Pen. Code.)

### B. *Notice*

■ Where an amended information is filed by the district attorney on motion made in open court, and defendant offers no objection, makes no motion for continuance, and nothing is called to the court's attention to show that such amendment prejudices the rights of defendant, the claim that the trial court erred in ordering the filing of the amended information may not be raised for the first time on appeal. (*People* v. *Spencer* (1972) 22 Cal.App.3d 786, 779-780 [99 Cal.Rptr. 681]; *People* v. *Walker* (1959) 170 Cal.App.2d 159, 164 [338 P.2d 536].) ■ In any case, there is no merit to appellant's claim that the evidence taken at the preliminary hearing neither gave him "fair warning" that a speed violation might be charged nor supported such violation. Defendant's violation of the basic speed law (§ 22350, Veh. Code) is evident from the testimony taken on the preliminary hearing, and the evidence indeed discloses this violation well could become a significant issue in his trial for driving while under the influence of intoxicating liquor, a felony. The evidence showed that traveling at 40 miles per hour down a curving mountain road at 10:30 at night, defendant braked on a curve which caused his car to skid colliding headon with a vehicle being driven in the opposite lane. This clearly points to defendant's speed—so excessive under the circumstances that it required him to brake, caused the skid and made it impossible for him to keep his vehicle under control in its proper lane and from crossing the dividing lane into oncoming traffic. Surely this put defendant on notice that he was subject to a charge that he violated the "reasonable or prudent" speed law. The inference he seeks to have us draw from his lack-of-notice-claim, that he was not aware in advance of trial of the speeding infraction is rebutted by the record. In addition to receipt of a transcript of the evidence taken at the preliminary hearing, defendant received a preplea probation report dated March 18, 1981, six months before trial. It contained independent conclusions of the arresting officer and the probation officer that defendant had been driving at an excessive and unsafe speed—Officer Perez' opinion that defendant was

responsible for the collision because he was under the influence of alcohol, "was driving too fast for the situation (22350 Vehicle Code)," and was driving on the wrong side of the road; and the probation officer's conclusion "The defendant at night, was negotiating an unlit, treacherous mountain road in which there were innumerable sharp turns of all types. Many of the turns are even too sharp to be safely negotiated at the 35 to 40 miles per hour speed the defendant allegedly was traveling. . . . In his condition and under these circumstances, the defendant entered a blind, sharp right turn at a speed that was apparently sufficient to belatedly alarm him. He slammed on his brakes, causing the vehicle to lose traction and plow straight ahead into the vehicle coming the other way." Months before trial defendant's own accident-reconstruction experts, some of whom testified at trial, had performed experiments to produce evidence that defendant's speed just before the collision had been safe, exposing the speed infraction issue, with which defendant indeed was familiar, as a primary one. Pretrial defense discovery must have disclosed at least his own statement to police that he was driving 40 to 45 miles per hour when he rounded the curve and lost control of the Pontiac. Finally, the most telling fact is that upon amendment of the information, defendant sought no continuance for the purpose of preparing a defense or seeking production of evidence to meet the speed allegation.

Appellant's argument that because the speed violation was alleged on the eve of trial, he was "denied the ability" to object by way of motion to dismiss or to challenge the validity of the amendment is specious and unsupported by the record. The amendment was made November 23, 1981, two days before trial; on November 25 a jury was selected; the first witness was sworn on November 30; the People rested their case and the defense began on December 9; the defense rested on December 11; and the jury was instructed on December 14.

## II

### FAILURE TO INSTRUCT ON IMMINENT PERIL

■ In light of the jury's findings, whatever error occurred in the trial court's failure to instruct that avoidance of imminent peril constitutes a defense against the allegation he was driving on the wrong side of the road (21650, Veh. Code) does not justify reversal of the judgment.[3] (See *People*

---

[3]Inasmuch as the defense that he was traveling on the right side of the road and it was only because of his reaction to the impending collision that he applied his brakes and went into a lock wheel skid, is supported by defense testimony, and the court's failure to instruct on imminent peril removed that issue from the jury's consideration in determining whether a violation of section 21650 occurred, that portion of the judgment (order granting probation) entered on the jury verdict which recites in the charge "21650 01 CT" must be stricken.

v. *Sedeno* (1974) 10 Cal.3d 703, 721 [112 Cal.Rptr. 1, 518 P.2d 913]; *People* v. *Bowen* (1982) 137 Cal.App.3d 1020, 1036 [187 Cal.Rptr. 614].) The jury verdict discloses that quite apart from the finding that defendant violated section 21650, the determination of guilt was also grounded upon the independent finding that defendant had also violated section 22350 (basic speed law) which is fully supported by the evidence. The verdict recites that while under the influence of intoxicating liquor defendant drove a vehicle upon a highway and in so driving did "an act forbidden by law in violation of Vehicle Code Section 21650 *and* 22350" (italics added), the act proximately caused bodily injury to five named persons. The finding that defendant also had violated the basic speed law of Vehicle Code section 22350 is adequate and independent of any other finding and alone is sufficient to constitute the felony violation.

Likewise we reject appellant's claim that while the jury was properly instructed that the jurors all were to agree on the same vehicle violation they might find, it should have been requested to return special findings on the violations they used as the basis for the felony conviction. ██ First, the jury made such finding—that defendant did "an act forbidden by law" in violation of Vehicle Code sections 21650 *and* 22350; and second, in the trial court no objection was interposed to the verdict forms which precludes consideration of appellate challenge thereto. (*People* v. *Nichols* (1967) 255 Cal.App.2d 217, 224 [62 Cal.Rptr. 854]; *People* v. *Gonzales* (1960) 187 Cal.App.2d 769, 772 [10 Cal.Rptr. 12].)

The judgment (order granting probation) is amended by striking therefrom the following: "21650 01 CT"; as amended, the judgment (order granting probation) is affirmed.

Dalsimer, J., and Fainer, J.,* concurred.

A petition for a rehearing was denied November 2, 1983.

---

*Assigned by the Chairperson of the Judicial Council.