Filed 5/29/26  P. v. Herrera CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>ROBERT ANTHONY HERRERA,<br><br>　　　Defendant and Appellant. | A170583<br><br><br>(Sonoma County<br>Super. Ct. No. SCR-750361-1) |

Defendant, Robert Anthony Herrera, appeals from his conviction following a jury trial for multiple counts of lewd and lascivious acts on a child under the age of 14 (Pen. Code, § 288, subd. (a); counts 2 & 4)[1] and multiple counts of lewd and lascivious acts on a child aged 14 or 15 (§ 288, subd. (c)(1); counts 6–9).  On appeal, defendant argues: (1) the jury was incorrectly instructed that as to counts 6–9, the People must prove the child was 14 years old, rather than 14 or 15 years old; (2) the trial court violated his constitutional and statutory rights to a jury trial by imposing the upper term on count 2 based on two aggravating factors that the jury did not specifically find true as to count 2; and (3) remand for resentencing is required because the trial court relied on aggravating factors not found true by the jury.  In

---

[1] All statutory references are to the Penal Code unless otherwise stated.

supplemental briefing, defendant argues that the residual clause in California Rules of Court, rule 4.421(c),[2] is unconstitutional based on the reasoning of *Lovelace v. Superior Court* (2025) 108 Cal.App.5th 1081 (*Lovelace*), and therefore the trial court was prohibited from relying upon it to consider additional aggravating factors.  He further argues that *People v. Wiley* (2025) 17 Cal.5th 1069 (*Wiley*) supports his entitlement to a remand for resentencing based on the trial court's consideration of an aggravating factor not found true by the jury.  We remand for resentencing because the trial court relied on an aggravating factor not found true by the jury.

## BACKGROUND[3]

Defendant was the stepfather of Jane Doe 1 and Jane Doe 2.  On June 17, 2022, the Sonoma County District Attorney filed an information charging defendant with four counts of lewd act upon a child, Jane Doe 1, under the age of 14 years (§ 288, subd. (a); counts 1 [in the car], 2 [in Doe 1's bed], 3 [hugging and touching Doe 1], 4 [kissing Doe 1]) and five counts of lewd act upon a child, Jane Doe 2, age 14 or 15 years (§ 288, subd. (c)(1); counts 5 [in the car], 6 [massaging Doe 2], 7 [massaging Doe 2 at another time], 8 [in Doe 2's bed], 9 [" 'motorboating' "]).  The information also alleged as circumstances in aggravation that the victims were particularly vulnerable (rule 4.421(a)(3)) and that defendant took advantage of a position of trust or confidence to commit the offenses (rule 4.421(a)(11)).[4]

---

[2] All references to rules are to the California Rules of Court.

[3] We omit a detailed recitation of the facts underlying defendant's offenses because they are not necessary to resolve the issues in his appeal.

[4] The information alleged other aggravating factors, but the trial court granted the People's motion to dismiss the other aggravating factors.

On August 22, 2023, a jury found defendant guilty on counts 2, 4, and 6–9, and not guilty on counts 1, 3, and 5. The jury also found true that Doe 1 and Doe 2 were particularly vulnerable victims and that defendant took advantage of a position of trust or confidence to commit the offenses.

The People requested that defendant be sentenced to the upper term of eight years on count 2 based on the jury's true findings on the two aggravating factors. The People's sentencing brief explained that under section 1170, subdivision (b)(2) the court may sentence a defendant to the upper term only if circumstances in aggravation which justify the imposition of the upper term have been found true beyond a reasonable doubt by a jury or a judge in a court trial, or admitted by the defendant. The People further requested that the trial court impose consecutive sentences on the remaining counts of one-third the middle term, for a total sentence of 12 years 8 months. The probation report recommended the same sentence.

Defendant filed a statement of mitigation requesting that the trial court impose the lower term of three years on count 2 because his tumultuous childhood was a contributing factor to his commission of the offenses. (§ 1170, subd. (b)(6)(A).) He asked that the sentence on the remaining counts run concurrently. Alternatively, he requested that he be sentenced to the lower term on count 2, consecutive to one-third the middle term on count 6, for a total term of five years, with the remaining counts to run consecutively.

At the April 24, 2024, sentencing hearing, defendant made a statement denying that he committed the offenses[5] and disputing the thoroughness of

_____

[5] At trial defendant testified that he kissed the victims on the lips with wet lips but denied trying to put his tongue in Doe 1's mouth. He acknowledged giving Doe 2 massages but denied touching either victim's vagina or Doe 2's breasts. He testified that he did not cuddle in bed with the victims under their blankets.

the investigation. Both sides then submitted on their sentencing briefs. The trial court began by stating its opinion that the case was thoroughly investigated and resulted in defendant's convictions on six counts, as well as true findings on aggravating factors related to the vulnerability of each victim and taking advantage of the position of trust. The trial court then explained its sentence as follows: "I would note that pursuant to 1170(b)(1) defendant is eligible for an aggravated sentence in light of the fact the jury did find beyond a reasonable doubt three aggravating factors.[6] [¶] The court would also with respect to [rule] 4.421 subsection c consider facts reasonably related to the circumstances of the conviction. That would include the fact that Mr. Herrera did in fact testify, denied the allegations and the elements of the crime. The jury, having convicted on counts related to abuse of both victims, did not believe the defendant and as such this court finding that to be a reasonable interpretation of the testimony believes that the defendant did in fact continue and still continues to take [*sic* (not to take)] accountability and did in fact lie on the stand. So that as [an] aggravating factor [will] also [be] considered by the court. [¶] . . . The court has considered both aggravating and mitigating factors, all of those listed by counsel in his sentencing brief, including argument related to childhood trauma and a lack of criminal history or significant criminal history. The court has considered both of those. [¶] With respect to the childhood trauma, it is articulated that it's related to a loss of a parent. The language of the statute does say abuse

---

[6] It appears that the trial court's reference to three aggravating factors was based on the aggravating factors verdict form, which lists the factors as:
"1. The victim was particularly vulnerable—Jane Doe #1.
"2. The victim was particularly vulnerable—Jane Doe #2.
"3. The defendant took advantage of a position of trust or confidence to commit the offense."

or neglect, psychological or physical violence, but does allow room for something other than those specific things. In my review of the sentencing brief and the probation report and defendant's own testimony, the court finds limited nexus of that experience to the crimes committed. Nonetheless, even if so, the court does find that the aggravating factors so outweigh the mitigating factors that the aggravated term is appropriate . . . ." The trial court sentenced defendant to a total prison term of 12 years 8 months, comprised of the aggravated term of eight years on count 2, plus consecutive terms of one-third the middle term on the remaining counts.

## DISCUSSION

### I. *Instructional Error*

Defendant asserts that his convictions on counts 6–9, involving Doe 2, must be reversed because the written jury instruction incorrectly stated that the People must prove the child was 14 years old, rather than 14 or 15 years old. We find defendant forfeited this claim by not objecting to the ambiguity in the written instruction given. However, even assuming no forfeiture, we find no prejudicial error.

### A. Additional Facts

Doe 2 was born in mid-October 2005. She testified that when she was 15, defendant would get into her bed and press his body against hers and touch her under her clothing, including close to her vagina. He also gave her massages from her feet to below her breasts, and sometimes she felt his finger "glaze over" her vagina. On another occasion, defendant "motorboated" her chest while she was wearing a V-neck shirt, by putting his face against her chest and shaking his head back and forth. On Doe 2's 16th birthday, defendant left the house after an argument with Doe 2's mother. He moved back home on October 31, 2021. On November 6, 2021, the police interviewed

5

Doe 1 and Doe 2, after Doe 1 reported defendant's inappropriate touching to a school counselor. Defendant was also interviewed by the police and was arrested immediately after the interview.

The jury was orally instructed with CALCRIM No. 1112 as follows: "The defendant is charged in Counts 5, 6, 7, 8 and 9 with a lewd or lascivious act on a 14 or 15 year old child who was at least 10 years younger than the defendant. [¶] To prove that the defendant is guilty of this crime, the People must prove that: [¶] 1. The defendant willfully touched any part of the child's body whether on the bare skin or through the clothing; [¶] 2. The defendant committed the act with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of himself or the child; [¶] 3. The child was *14 or 15 years old* at the time of the act; and, [¶] 4. When the child [*sic*] acted,[7] the child was at least 10 years younger than the defendant. [¶] The touching need not be done in a rude or sexual manner. [¶] Someone commits an act willfully when he or she does it willingly or on purpose. It is not required that he or she intended to break the law, hurt someone else, or gain any advantage. [¶] Actually arousing, appealing to, or gratifying the lust, passions, or sexual desires of the perpetrator or child is not required. [¶] It is not a defense that the child may have consented to the act. [¶] In determining whether a person is at least 10 years older than a child, measure from the person's birth date to the child's birth date. [¶] Under the law, a person becomes one year older as soon as the first minute of his or her birthday has begun. [¶] Conviction of a sex assault crime may be based on the testimony of a complaining witness alone." (Italics added.)

---

[7] The written instruction correctly states the fourth element: "When the defendant acted, the child was at least 10 years younger than the defendant."

The written instruction provided to the jury correctly states that the charges in counts 5–9 are for "a lewd or lascivious act on a 14- or 15-year-old child who was at least 10 years younger than the defendant." However, the third element of the offense incorrectly states that the People must prove: "The child was 14 years old at the time of the act." Defendant argues this incorrect statement in the written instruction was prejudicial instructional error.

## B.    Analysis

As an initial matter, defendant's claim of instructional error appears to be forfeited. Defendant did not alert the trial court to the misstatement of the victim's age in one portion of the written instruction. (*People v. Covarrubias* (2016) 1 Cal.5th 838, 906 [claim of instructional error forfeited when defendant "did not object to, or request amplification or clarification of, . . . the instructions at trial"].) Defendant's claim is also without merit.

We independently review claims of instructional error. (*People v. Mitchell* (2019) 7 Cal.5th 561, 579.) If a jury instruction is ambiguous, we must decide whether there is a reasonable likelihood that the jury misunderstood and misapplied the instruction. In doing so, we consider the challenged language in the context of the entire instructions and trial record. (*People v. Ervin* (2021) 72 Cal.App.5th 90, 107.) We also " 'must consider the arguments of counsel in assessing the probable impact of the instruction on the jury.' " (*Id.* at p. 109.) The written instruction was ambiguous in that it stated at one point that the charges were lewd or lascivious acts on a 14- or 15-year-old child but then stated the People were required to prove the child was 14 years old. However, the verdict forms for the challenged counts each state the jury found defendant guilty of "Section 288(c)(1) . . . , lewd and/or lascivious act upon a child 14 or 15, in that the defendant did willfully,

unlawfully, and lewdly commit a lewd and/or lascivious act upon the body of Jane Doe #2, who was 14 or 15  years old . . . ." (Some capitalization omitted.) Further, Jane Doe 2 testified that she was 15 years old at the time of the offense and defendant moved out of the house on her 16th birthday.  The prosecutor's closing argument emphasized that as to the counts regarding Jane Doe 2 (counts 6–9), the People were required to prove the victim was 14 or 15 years old.  Defense counsel even commented in his closing argument that the victims' ages were "not an issue."  Defendant has not established a reasonable likelihood that the jury misapplied the single erroneous statement in one portion of the written CALCRIM No. 1112 instruction.

## II.   *Sentencing*

Defendant argues the trial court erred in sentencing him to the upper term on count 2 because (1) the jury did not find the aggravating factors true as to count 2 specifically; and (2) the trial court relied on defendant's lack of remorse or lack of accountability, which was not found true by the jury.  We reject defendant's first argument.  However, we remand for resentencing based on defendant's second argument.

### A.   Aggravating Circumstances Found True by Jury as to Count 2

Defendant alleges that because the jury returned "generic verdict forms that were not count-specific" regarding the aggravating factors, the jury did not necessarily find the two aggravating factors true as to count 2.  Therefore, according to defendant, the trial court erred by imposing the upper term on count 2.  Defendant forfeited this claim by failing to object to the verdict forms, and the record demonstrates no error, in any event.

The verdict form for the aggravating factors begins by stating that the jury finds "as to the above offenses, enhancements and special allegations, the following sentencing factors in aggravation relating to the crime and

8

relating to the defendant apply." It then lists the following factors relating to the crime: "1. The victim was particularly vulnerable—Jane Doe #1. [¶] . . . [¶] 2. The victim was particularly vulnerable—Jane Doe #2. [¶] . . . [¶] 3. The defendant took advantage of a position of trust or confidence to commit the offense." The jury found each itemized factor true. Count 2 charged a violation of section 288, subdivision (a), lewd and lascivious act upon a child under 14, based on defendant's conduct against Jane Doe 1. The jury was also instructed with CALCRIM Nos. 3226 and 3233, which explain each aggravating factor. CALCRIM No. 3226 begins by stating: "If you find the defendant guilty of any of the crimes charged in Counts 1–9, you must then decide whether the People have proved the additional allegation that Jane Doe 1 and/or Jane Doe 2 were particularly vulnerable victims." Similarly, CALCRIM No. 3233 begins by stating: "If you find the defendant guilty of any of the crimes charged in Counts 1–9, you must then decide whether the People have proved the additional allegation that the defendant took advantage of a position of trust or confidence to commit the crime."

Defendant's complaint appears to be that the language of the verdict forms was imprecise. "An objection to jury verdict forms is generally deemed waived if not raised in the trial court." (*People v. Toro* (1989) 47 Cal.3d 966, 976, fn. 6, disapproved on other grounds in *People v. Guiuan* (1998) 18 Cal.4th 558, 568, fn. 3; *People v. Lewis* (1983) 147 Cal.App.3d 1135, 1142 [failure to object to verdict forms in trial court "precludes consideration of appellate challenge thereto"].) Defendant failed to object below to the language of the aggravating factor verdict forms and has waived his complaint that they were too generic to be relied upon by the trial court at sentencing. Further, defendant did not raise this issue in his mitigation statement. Nor did he object at his sentencing hearing to the trial court's

9

reliance on any of the aggravating factors found true by the jury. (See *People v. Scott* (1994) 9 Cal.4th 331, 355–356 [holding defendant waived claim that trial court abused its discretion in aggravating his sentence based on factors that were inapplicable, duplicative, and improperly weighed] (*Scott*).) We also reject defendant's claim that the issue is preserved for review because it impacts his substantial rights to a trial by jury. The aggravating factors were argued to, and decided by, a jury.

Even if defendant had preserved this issue for review, we would reject his contention that the jury may not have found the aggravating factors true as to count 2. The jury instructions and the verdict forms make clear that the jury's true finding applied as to each guilty count, one of which was count 2. Defendant's mere speculation that jury may have found the aggravating factors true as to the other counts on which defendant was convicted, but not as to count 2, has no support in the record.

**B.     Trial Court's Reliance on Additional Aggravating Factor Not Submitted to Jury**

Defendant contends we must remand for resentencing under *People v. Lynch* (2024) 16 Cal.5th 730 (*Lynch*) because the trial court erroneously relied on a third aggravating factor, that defendant failed to take accountability, which was not decided by the jury. In his supplemental brief he argues that the trial court's reliance on rule 4.421(c)[8] is unconstitutional based on the reasoning of *Lovelace, supra*, 108 Cal.App.5th 1081, and that *Wiley, supra*, 17 Cal.5th 1069 also supports resentencing.

---

[8] Rule 4.421 enumerates 12 circumstances in aggravation "relating to the crime" (rule 4.421(a)(1)–(12)) and five "relating to the defendant." (Rule 4.421(b)(1)–(5).) Subdivision (c), sometimes referred to as the residual clause, states circumstances in aggravation may also include "[a]ny other factors . . . that reasonably relate to the defendant or the circumstances under which the crime was committed."

Defendant's claims are based on the trial court's statements at sentencing that "[t]he court would also with respect to [rule] 4.421 subsection c consider facts reasonably related to the circumstances of the conviction. That would include the fact that Mr. Herrera did in fact testify, denied the allegations and the elements of the crime. The jury, having convicted on counts related to abuse of both victims, did not believe the defendant and as such this court finding that to be a reasonable interpretation of the testimony believes that the defendant did in fact continue and still continues to take [*sic* (not to take)] accountability and did in fact lie on the stand. So that as [an] aggravating factor [will] also [be] considered by the court. . . ."

The trial court's authority to impose an upper term sentence is addressed in section 1170, subdivision (b), which authorizes an upper term "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) The People do not dispute that the trial court relied on an additional aggravating factor not presented to the jury. Instead, they assert that defendant forfeited this challenge because he did not object at sentencing. Defendant responds that the trial court relied upon an improper method of aggravating his sentence, and thus it imposed an unauthorized sentence, which is an exception to the forfeiture doctrine.

We question whether the unauthorized sentence exception to forfeiture applies under these facts. The upper term sentence could have been imposed based on only the aggravating factors of victim vulnerability and taking

11

advantage of a position of trust, which were found true by the jury. (§ 1170, subd. (b)(2).) Therefore, the upper term is not a sentence that "could not lawfully be imposed under any circumstance in the particular case." (*Scott, supra*, 9 Cal.4th at p. 354; *People v. Achane* (2023) 92 Cal.App.5th 1037, 1043.) However, to forestall a future claim of ineffective assistance of counsel, we exercise our discretion to excuse any possible forfeiture and address defendant's claim on the merits. (*People v. Williams* (1998) 17 Cal.4th 148, 161–162, fn. 6.)

The People do not argue the merits of defendant's claim that the trial court erred by relying on an aggravating circumstance not found true by the jury.[9] They also expressly do not contend that any error in failing to submit the third aggravating factor to the jury was harmless beyond a reasonable doubt.

As our Supreme Court recently explained, section 1170, subdivision (b) "trigger[s] the Sixth Amendment jury trial right with respect to *every* aggravating factor (other than a prior conviction) the trial court uses to justify an upper term sentence," and "under the current statute a Sixth Amendment violation occurs when the trial court relies on unproven aggravating facts to impose an upper term sentence, even if some other

---

[9] The People's supplemental brief argues that defendant's claim that the residual clause of rule 4.421(c) is unconstitutional fails on the merits because suborning perjury or otherwise illegally interfering with the judicial process is an enumerated circumstance in aggravation under rule 4.421(a)(6). This argument supports the People's position that the constitutionality of the residual clause of rule 4.421(c) does not need to be decided. However, it does not respond to the fact that the trial court relied upon an aggravating circumstance that was not found true by the jury. In addition, defendant argues that the trial court incorrectly considered the defendant's " 'lack of remorse' " or " 'lack of accountability,' " neither of which is an enumerated circumstance in aggravation under rule 4.421.

aggravating facts relied on have been properly established." (*Lynch, supra*, 16 Cal.5th at p. 768, italics added.) Such a violation is "prejudicial unless an appellate court can conclude beyond a reasonable doubt that a jury would have found true all of the aggravating facts relied upon to justify an upper term sentence, or that those facts were otherwise proved true in compliance with the current statutory requirements. If the reviewing court cannot so determine, applying the *Chapman* [*v. California* (1967) 386 U.S. 18, 17 L.Ed.2d 705] standard of review, the defendant is entitled to a remand for resentencing." (*Ibid.*)

Applying these principles, we find the trial court erred in relying on the defendant's continuing failure to take accountability for his actions. This additional aggravating factor was not decided by the jury but, rather, was a conclusion made by the trial court based on both defendant's trial testimony and his continuing claim of innocence at sentencing. Although the jury did not believe defendant's testimony as to six of the nine counts charged, it was never asked to decide the issue of his lack of accountability, and since the jury was excused before sentencing, it obviously could not have made a finding that defendant "continued" to fail to take accountability. "Only when aggravating facts have been proven as the Constitution requires may the court then rely on them to conclude, in its discretion, that those facts justify an upper term." (*Wiley, supra*, 17 Cal.5th at p. 1084.)

As noted, the People concede that any error in relying on aggravating factors not determined by the jury is prejudicial under the *Chapman* standard. We agree. The People did not prove, and could not have proved, a lack of remorse or lack of accountability without burdening defendant's constitutional right to testify at trial and maintain his innocence. (*People v. Key* (1984) 153 Cal.App.3d 888, 900 [lack of remorse may not be used as

13

aggravating factor when defendant denies guilt and evidence is conflicting]; see *People v. Bonilla* (2007) 41 Cal.4th 313, 356 [at penalty phase of capital crime prosecutor may properly comment on a defendant's lack of remorse as relevant to whether remorse is present as a mitigating circumstance but may not suggest that lack of remorse is an aggravating factor].) We "cannot find the omission of a jury trial harmless beyond a reasonable doubt as to *every* aggravating fact relied upon by the trial court to impose an upper term," and thus we must remand for resentencing. (*Lynch, supra*, 16 Cal.5th at p. 776.) However, our remand is based only on the trial court's reliance on aggravating factors not found true by the jury. Defendant's opening brief argues that remand is required "not only [on] the 'accountability' issue which the court independently relied upon without consideration by the jury, but also the two aggravating factors which the jury found true." He incorrectly claims, without citation to the record, that as to the two aggravating factors submitted to the jury, the jury was "never asked to find those factors true *beyond a reasonable doubt.*" Defendant is wrong. The jury instructions for the aggravating factors specifically state the People's burden to prove the allegations beyond a reasonable doubt.

Given that we find remand for resentencing is required because the trial court relied on an aggravating factor not found true by the jury, we need not address defendant's arguments regarding the constitutionality of the residual clause set forth in rule 4.421(c) as analyzed in *Lovelace, supra*, 108 Cal.App.5th 1081. (*People v. Buza* (2018) 4 Cal.5th 658, 693.)

## DISPOSITION

Defendant's sentence is vacated, and the matter is remanded for resentencing with directions that the trial court exercise its sentencing

14

discretion without considering aggravating factors that were not found true by the jury.  In all other respects, the judgment is affirmed.


                                        Jackson, P. J.

WE CONCUR:

Burns, J.
Chou, J.