[Crim. No. 2248. Second Appellate District, Division One.—November 28, 1932.]

## THE PEOPLE, Respondent, v. NICKLAS PALUMBO et al., Appellants.

Aubrey M. Finley, C. L. Welch, Edgar T. Fee and Joseph M. Cunningham for Appellants.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

CONREY, P. J.—By the first count of the information appellants were charged with the crime of robbery, committed on the third day of February, 1932. By the second count they were charged with grand larceny committed on said third day of February, by stealing an automobile. They were tried together and were convicted on both counts. They present separate appeals from the judgments and from the orders denying their motions for a new trial.

It is contended by appellants that the two offenses were improperly joined in the same information, the alleged crimes being not connected together in their commission and not being of the same class of crimes. For this reason it is argued that they did not come within the provisions of section 954 of the Penal Code, which defines the cases in which two or more different offenses may be included in one information. Even if the point might have been meritorious if properly reserved in the record, it cannot be considered on the record now before us. A defendant may

demur to an indictment or information, when it appears upon the face thereof: "that more than one offense is charged, except as provided in section nine hundred and fifty-four". (Pen. Code, sec. 1004, subd. 3.) And such an objection can only be taken by demurrer. (Pen. Code, sec. 1012.) If the charged offenses of robbery and grand larceny were not of the same class of crimes that fact appeared on the face of the information; and if the information failed to show that the two offenses were connected together in their commission that also appeared on the face of the pleading, and the objection could have been raised by demurrer. (*People* v. *Degnen*, 70 Cal. App. 567, 573 [234 Pac. 129].)

■ Appellants claim that the court erred in overruling defendants' objections to testimony relating to the commission of an offense other than those charged in the information. This was evidence to the effect that on the evening of February 3d, shortly after the time of the robbery, defendants were arrested in a drug-store, the circumstances of the arrest being such as to indicate that the defendants had committed burglary in entering the store. The record indicates that this evidence was introduced as part of an effort to prove that a revolver found on the floor of the drug-store at the time of the arrest was the same revolver that had been used in the commission of the robbery, and to prove that defendants had attempted to get rid of the revolver by leaving it in the drug-store when they found that they were caught in that place. For this purpose the evidence was admissible. The fact that it also indicated the commission of burglary by the defendants was merely an incident in the proof of the facts concerning the finding of the revolver. There was no error in the reception of this evidence. ■ Appellants further contend, however, that this evidence concerning the revolver was not admissible because defendant Palumbo's admission of the fact that this was his revolver removed from the issues the question of possession of the gun. But at the time of the reception of this evidence Palumbo had not testified, and had not in any way admitted to the court his ownership or possession of the gun. There was evidence that he had made such an admission out of court, but that evidence remained open to denial and dispute. For this reason we think that the

authority relied upon by appellants (*People* v. *Washburn*, 104 Cal. App. 662, 668 [286 Pac. 711]) is not conclusive upon the question here.

The next point is that the verdict of guilty of first degree robbery is contrary to law in this, that the evidence showed the use of only one gun in the commission of the robbery, and that, there being but one gun, several verdicts of guilty against the two defendants are contrary to law. Even omitting the direct testimony of one witness that there were two guns,—one in the hand of each defendant,—we think that the point is without merit.

It is contended that the verdict guilty of grand theft is contrary to law in this, that the evidence showed nothing more than the taking of an automobile without permission of the owner, for the purpose of temporarily using or operating the same; an offense which under the provisions of section 499b of the Penal Code is only a misdemeanor. But the jury may well have believed upon the evidence in this case that the offense was grand larceny committed by the felonious stealing and driving away of the personal property of another, as covered by the definition of theft in section 484 of the Penal Code. The owner had left his car on a lot several miles away from the place where it was abandoned by the defendants after they had used it for their own purposes. It never was returned to the owner until after its discovery by the police.

It is suggested that the court committed prejudicial error in its failure to admonish the jury that it must not consider certain evidence which had been stricken out by order of the court. It is true that in the two instances cited by appellant Palumbo in his brief, the court granted motions to strike certain testimony and did not advise the jury that it must disregard such testimony. A sufficient answer to this contention of appellants is that the items are of trifling importance, and that no request was made to the court to instruct the jury to disregard the testimony. There is no reason to doubt that the jury did disregard it.

Appellant Palumbo contends that the court erred in the giving of its instructions to the jury, "because they emphasized the state's side of the case". But he does not point out any error in the instructions, or in any of them.

Counsel for appellant Palumbo suggests error in the refusal of requested instructions, but does not attempt to point out in what respect, if any, the court erred in such refusal. He says, ''we believe the court erred in not giving the following instructions which were requested'': this is followed by quotation of a series of five requested instructions, unaccompanied by any argument in support of his contention. Under these circumstances no question is presented for our consideration. It may be that, as the attorney-general claims, in so far as these requested instructions were appropriate to the case they were covered by other instructions given to the jury.

We are satisfied that the court did not err in refusing to grant a new trial to appellants, or to either one of them, on either the charge of robbery or on the charge of grand theft. The evidence indicates, and in fact strongly tends to prove, that the defendants went out on the streets at night for the purpose of committing robbery, and that the automobile was stolen by them for use in that enterprise.

The judgments and the orders denying motions for new trial are, and each of them is, affirmed.

Houser, J., and York, J., concurred.