[Crim. No. 3426.   Second Dist., Div. Two.—May 6, 1941.]

THE PEOPLE, Respondent, v. EARL BINGHAM et al., Defendants; HARRY B. HANCOCK, Appellant.

Gladys Towles Root and Eugene V. McPherson for Appellant.

Earl Warren, Attorney-General, and Lewis Drucker, Deputy Attorney-General, for Respondent.

668

McCOMB, J.—From a judgment of guilty of robbery in the first degree after trial before a jury and from an order denying his motion for a new trial defendant appeals.

Viewing the evidence most favorably to the people (respondent), the essential facts are:

August 11, 1940, about 9 P. M. defendant and his codefendant Earl Bingham approached an attendant at a service station in the city of Los Angeles and requested permission to use the rest room. A few minutes later defendant ordered the attendant to accompany him into the rest room. As they entered the rest room defendant directed his codefendant to go to the service station and take the money that was there. Codefendant Bingham returned, stating that he could not get into the cash register. After taking $2.95 from the attendant, defendant and his codefendant compelled the station attendant to open the cash register and defendant Bingham took from the cash register approximately $34.

Defendant relies for reversal of the judgment on these propositions:

*First: There is no substantial evidence to sustain the judgment of guilty.*

*Second: The court committed prejudicial error in receiving in evidence testimony that defendant committed another robbery, armed with a gun, the day following the commission of the offense with which he is charged in the instant case.*

■ Defendant's first proposition is untenable. An examination of the record discloses substantial evidence to sustain each and every finding of fact upon which the judgment of guilty was necessarily predicated. For example, the service station attendant testified to each of the facts above stated. As has been repeatedly pointed out by the appellate courts of this state, the fact that a witness's testimony may be weakened on cross-examination or is conflicting with other evidence is not a reason for setting a judgment of guilty aside on the grounds of insufficiency of the evidence to sustain it.

■ Defendant's second proposition is likewise without merit. Upon cross-examination of defendant Bingham, evidence was presented to the jury that a gun which had been introduced in evidence was similar to the gun with which defendant was armed at the time of the robberies. Evidence was also presented that such gun belonged to defendant Bing-

ham and not defendant Hancock. Evidence was, therefore, admissible that defendant on the day following the robbery of which he here stands charged committed another robbery armed with a gun similar to the one received in evidence, for the purpose of showing that defendant possessed such a revolver.

The law is established in California that when a defendant denies that he possessed a particular instrument alleged to have been used in the commission of an offense, evidence is admissible to show that such instrument was in fact possessed by the defendant at other times (*People* v. *Cato*, 13 Cal. App. (2d) 391, 394 [56 Pac. (2d) 1245]), and this is true whether the possession of the instrument by defendant is shown to have been prior or subsequent to the offense upon which he is being tried (*People* v. *Palumbo*, 127 Cal. App. 703, 706 [16 Pac. (2d) 316]); nor is such evidence inadmissible, because it tends to prove that defendant committed another crime, the evidence being relevant to an issue in the case on trial (*People* v. *Burkhart*, 211 Cal. 726, 731 [297 Pac. 11]).

For the foregoing reasons the judgment and order are and each is affirmed.

Moore, P. J., concurred.

WOOD, J., Concurring.—I concur in the judgment. In my opinion the testimony of a witness that the "gun" used in the robbery for which appellant was on trial "appears to be similar to the gun" which appellant held in his hand at a robbery committed on the following day does not afford sufficient justification for the introduction of proof of the circumstances of the second robbery. It is a matter of common knowledge that there are innumerable weapons which "appear to be similar" to the one used in the robbery. The reception of the evidence may be justified, however, on a different ground. In attempting to establish an alibi appellant presented his wife as a witness and she testified that she left appellant in bed at 6:30 A. M. on August 12. The second robbery, in which appellant participated, was committed at about 7:50 A. M. of the same day at a "considerable distance" from the locality where appellant lived. The evidence

670

was admissible to refute the alibi evidence of appellant.  That it was admitted for this purpose is evident from the remarks of the trial judge: "It is to meet the testimony given by the defense witnesses as to the whereabouts of the defendant Hancock on the morning of the 12th—that having been brought out in the examination of at least one of those witnesses".