[Crim. No. 14003. Third Dist. Jan. 15, 1986.]

THE PEOPLE, Plaintiff and Appellant, v.
KELLY VIRGIL TOLBERT, Defendant and Respondent.

COUNSEL

John K. Van de Kamp, Attorney General, Eddie T. Keller, Gary A. Binkerd and Eileen Ceranowski, Deputy Attorneys General, for Plaintiff and Appellant.

Donald C. Thompson, Jr., for Defendant and Respondent.

OPINION

**PUGLIA, P. J.**—In this appeal, we decide that the trial court erred in taking judicial notice in aid of defendant's demurrer of the magistrate's factual finding at defendant's preliminary hearing.

An amended information filed in the San Joaquin Superior Court charged defendant in count I with kidnapping (Pen. Code, § 207), in count II with forcible rape (Pen. Code, § 261, subd. (2)), in counts III and IV with forcible oral copulation (Pen. Code, § 288a, subd. (c)), and in count V with rape by foreign object (Pen. Code, § 289). In connection with the forcible rape and oral copulation counts, the information also alleged as enhancements that defendant kidnapped the victim for the purpose of committing those sexual offenses. (Pen. Code, § 667.8.)

Defendant demurred to the amended information on grounds that (1) the court has no jurisdiction over any of the charged offenses (Pen. Code, § 1004, subd. 1) and (2) the allegations contained in the first four counts do not conform to the provisions of Penal Code sections 950, 951, and 952 (Pen. Code, § 1004, subd. 2). On the basis of a factual finding made by the magistrate at defendant's preliminary examination, the court sustained the demurrer for want of jurisdiction without leave to amend.

The People appeal from the dismissal which followed. (Pen. Code, § 1238, subd. (a)(2).) We shall reverse.[1]

## I

The felony complaint charged defendant in three counts with kidnap, forcible rape and forcible oral copulation in substantially the same language as used in counts I, II, and III respectively of the amended information. At the preliminary examination, the magistrate concluded the evidence supported the commission of the charged sexual offenses. The magistrate also "found," even though they were not charged, that there was reasonable cause to believe from the evidence that a second act of forcible oral copulation and an act of rape with a foreign object were committed by defendant. However, the magistrate determined there was insufficient cause to hold defendant to answer on the kidnapping count. This determination was based on an express factual finding that "the prosecuting witness in this case went willingly with Mr. Tolbert." In sustaining defendant's demurrer the superior court, through the device of judicial notice, accepted the truth of this finding.

 To sustain a demurrer for want of jurisdiction, the defect must appear on the face of the accusatory pleading. (*People* v. *McConnell* (1890) 82 Cal. 620 [23 P. 40]; *Shortridge* v. *Municipal Court* (1984) 151 Cal.App.3d 611, 616 [198 Cal.Rptr. 749]; Pen. Code, § 1004.) Penal Code section 961 states: "Neither presumptions of law, nor matters of which judicial notice is authorized or required to be taken, need be stated in an accusatory pleading." For purposes of demurrer, therefore, matters which may be judicially noticed may be said to appear constructively on the face of the pleading. Nonetheless we conclude the supe-

---

[1]Defendant suggests that the scope of our appellate review encompasses a second amended information, lodged with the court when the People moved for reconsideration of the demurrer ruling. However, the court never granted the People's alternative request to file the second amended information (see Pen. Code, § 1009), ruling at the rehearing that the demurrer to the amended information was sustained "without leave to amend."

rior court erroneously noticed the *truth* of the magistrate's factual finding in sustaining defendant's demurrer to the amended information.[2]

■ Judicial notice may be taken of the records of a court of this state (Evid. Code, § 452, subd. (d); *Day* v. *Sharp* (1975) 50 Cal.App.3d 904, 914 [123 Cal.Rptr. 918]). This is not to say, however, that judicial notice may be taken of the truth of facts asserted in every document in a court record. (*Day,* at p. 904; *People* v. *Rubio* (1977) 71 Cal.App.3d 757, 766 [139 Cal.Rptr. 750].) Ordinarily a court may notice the existence of another court's findings of fact and conclusions of law in support of a judgment, because they are conclusive and uncontrovertible in character and not reasonably subject to dispute. But judicial notice cannot be taken of hearsay allegations as being true, even those made by a judge-declarant, just because they are part of a court record or file (*Day,* at p. 914; *Rubio,* at p. 766; see also Jefferson, Cal. Evidence Benchbook (2d ed. 1982) Judicial Notice, § 47.2, at pp. 1757-1759.)

■ A magistrate is not the ultimate trier of fact. His authority to resolve factual disputes exists only to assist him in deciding the threshold legal issue whether there is sufficient cause to hold the accused to answer for trial, "that is, such a state of facts as would lead a man of ordinary caution or prudence to believe and conscientiously entertain a strong suspicion of the guilt of the accused." (*People* v. *Uhlemann* (1973) 9 Cal.3d 662, 667 [108 Cal.Rptr. 657, 511 P.2d 609]; *People* v. *Slaughter* (1984) 35 Cal.3d 629, 636-637 [200 Cal.Rptr. 448, 677 P.2d 854], see also *Ondarza* v. *Superior Court* (1980) 106 Cal.App.3d 195, 201 [164 Cal.Rptr. 892].) Because of his limited role, the magistrate's findings are neither conclusive for purposes of res judicata (*Uhlemann,* at pp. 667-669) nor binding on the superior court if unsupported by substantial evidence (*Slaughter,* at p. 638).

■ It follows therefore that simply because it appears in the records of the magistrate, the superior court may not judicially notice the truth of a magistrate's factual finding and give it conclusive effect in order to impugn the facial sufficiency of contrary allegations contained in the accusatory pleading.

---

[2]When the demurrer attacks the pleading for failure to "give the accused constitutionally adequate notice of the offense" (*Shortridge* v. *Municipal Court, supra,* 151 Cal.App.3d at p. 616, fn. 5) of which he is accused (see Pen. Code, § 1004, subd. 2), the adequacy of notice given by allegations in the language of the statute is tested in the light of the transcript of the preliminary hearing or grand jury proceedings. (*Shortridge, supra,* at p. 616, fn. 5; *People* v. *Hathaway* (1972) 27 Cal.App.3d 586, 595 [103 Cal.Rptr. 638]; *People* v. *Jordan* (1971) 19 Cal.App.3d 362, 370 [97 Cal.Rptr. 570].) Nothing in this rule authorizes a trial court to determine the jurisdictional sufficiency of an accusatory pleading by resort to the preliminary hearing transcript.

The charge of kidnapping was included in the information even though the magistrate determined the evidence was insufficient to hold defendant to answer to that charge. ■ The district attorney may charge "either the offense or offenses named in the order of commitment or any offense or offenses shown by the evidence taken before the magistrate to have been committed" (Pen. Code, § 739), provided there is a transactional relationship between the two categories of offenses (*Parks* v. *Superior Court* (1952) 38 Cal.2d 609, 611-612 [241 P.2d 521]). ■ Defendant may of course challenge the factual basis for the kidnapping count. ■ The appropriate proceeding in which to raise that challenge is in a motion to dismiss under Penal Code section 995. (*Parks* v. *Superior Court, supra,* 38 Cal.2d at pp. 611, 614; *People* v. *Slaughter, supra,* 35 Cal.3d at p. 633.) Even in that proceeding, however, the magistrate's finding does not have conclusive effect unless it is supported by substantial evidence (*Slaughter, supra,* at pp. 633, 638).

II

■ Viewed in its entirety, the amended information adequately alleges territorial jurisdiction of the charged crimes in San Joaquin County. The kidnapping count specifies San Joaquin County expressly as the place where the kidnapping began. Thus, count I alleges that defendant "did wilfully, unlawfully and forcibly steal, take and arrest [the victim] in the County of San Joaquin . . . and did take the said victim into another country, state, county, and another part of the said San Joaquin County to Calaveras County." The amended information does not, however, directly identify the county wherein the sexual offenses occurred. That omission is not fatal to jurisdiction over those four counts. Venue may be fixed in any county where preliminary arrangements have been made which, although not constituting an essential element of the offense charged, are requisite to the achievement of the offender's unlawful enterprise. (Pen. Code, § 781; *People* v. *Hernandez* (1976) 63 Cal.App.3d 393, 403 [133 Cal.Rptr. 745]; *People* v. *Kellett* (1982) 134 Cal.App.3d 949, 956 [185 Cal.Rptr. 1].) Since all four of the sexual offenses charged are alleged to have been "connected in their commission" with the kidnapping charge and three of the four include specific allegations that defendant kidnapped the victim for the purpose of committing the sexual offenses, the information adequately lays territorial jurisdiction over the sexual offense charges in San Joaquin County. (See *People* v. *Malloy* (1962) 199 Cal.App.2d 219, 225-226 [18 Cal.Rptr. 545], disapproved on other ground in *People* v. *Kelley* (1967) 66 Cal.2d 232, 244 [57 Cal.Rptr. 363, 424 P.2d 947]; *People* v. *Ortez* (1953) 120 Cal.App.2d 469, 472 [261 P.2d 325].)

## III

■ The second ground of defendant's demurrer is the alleged failure of the amended information to conform to the statutory pleading requirements set out in Penal Code sections 950, 951 and 952 (Pen. Code, § 1004, subd. 2). Specifically, defendant points out that none of the four counts charging sex crimes alleges the county in which the offense occurred. Although each of those counts should have alleged the county in which the act took place (Pen. Code, § 951), the failure to specify the locus of the crime is a defect which could easily have been cured by amendment. To that extent the superior court abused discretion in denying leave to amend (Pen. Code, § 1007).

Even without amendment, the amended information, considered in light of the preliminary hearing transcript, gave defendant sufficient notice of the locus of the sexual offenses to satisfy the imperatives of due process. (See fn. 2, *ante,* p. 690.)

The order dismissing the information is reversed and the matter remanded for further proceedings consistent with this opinion.

Evans, J., and Young, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.