Filed 1/4/16; pub. order 1/22/16 ( see end of opn.)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>SABAS TRUJILLO et al.,<br><br>    Defendant and Respondent. | D069275<br><br><br>(Super. Ct. No. RIF1405208) |

APPEAL from an order of the Superior Court of Riverside County, Helios J. Hernandez, Judge.  Reversed.


Michael A. Hestrin, District Attorney, Alan D. Tate, Deputy District Attorney, for Plaintiff and Appellant.

Werksman Jackson Hathaway & Quinn, Alan Jackson and Kelly C. Quinn, for Defendant and Respondent Sabas Trujillo.

Blumenthal Law Offices and Jeffrey G. Moore, for Defendant and Respondent Alex Trujillo.

Law Offices of Joel W. Baruch and Joel W. Baruch, for Defendant and Respondent Laura Fitzpatrick.

Law Offices of Larry M. Bakman and Larry M. Bakman, for Defendant and Respondent Lucia Trujillo.

Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, Benjamin N. Gluck, for Defendant and Respondent Richard Trujillo.

The People appeal the order sustaining a demurrer to the felony complaint in this action, which contended (as relevant here), the complaint failed to provide sufficient notice of its charges in violation of Penal Code sections 950 and 952. (All undesignated statutory references are to the Penal Code.) The People maintain they met applicable pleading requirements. We agree and reverse the order.

FACTUAL AND PROCEDURAL BACKGROUND

According to the People, Defendants Sabas Trujillo, Lucia Trujillo, Richard (Rick) Trujillo, Laura Fitzpatrick, and Alex Trujillo (collectively Defendants), own or are current or former employees of three entities, United Paving, Prestige Striping, and Yeguada Trujillo, Inc. Following earlier pleading challenges, the People filed a 20-count first amended felony complaint in January 2015, alleging Defendants submitted payroll documents that underreported employee wages over a period of years to, among others, two insurance companies, the State Compensation Insurance Fund, and the Employment Development Department, for purposes of reducing insurance premiums and taxes. Specifically, the People asserted violations of Insurance Code sections 1871.4 (workers' compensation insurance fraud), 11760, subdivision (a) (same), and 11880, subdivision (a)

2

(same), Unemployment Insurance Code section 2118.5 (withholding tax fraud), Labor Code section 1778 (wage fraud), and section 115 (false or forged instrument).

For each count relating to insurance and tax fraud, the People identified a particular defendant or defendants, business, the statutory provision at issue, the relevant time period (which, according to the People, generally corresponded to an insurance policy term), and the alleged victim. For example, Count 1 stated, in relevant part: "[D]efendants[] SABAS TRUJILLO, LUCIA TRUJILLO and RICK TRUJILLO[] committed a violation of California Insurance Code section 11760, subdivision (a), a felony, in that on or about June 1, 2005 through and including June 1, 2009, . . . they did wilfully and unlawfully make and cause to be made a knowingly false and fraudulent statement, orally and in writing, of a fact material to the determination of the premium, rate, and cost of a policy of workers' compensation insurance, for the purpose of reducing the premium, rate, and cost of the insurance. (California Insurance Company by Prestige Stripping Services, Inc.)"

Defendants demurred on statute of limitations grounds (which are not before us), and for failure to conform to the pleading provisions of sections 950 and 952, contending counts were "vague and uncertain as to the charges alleged." Rick Trujillo submitted supplemental authority in support of the demurrer, focusing on its alleged deficiency under section 954 in bringing multiple charges under single counts.

The trial court held a series of hearings on the demurrer. At a February 2015 hearing, the court stated the crimes at issue were single incident crimes, and the date on which Defendants submitted a false document was the crime, explaining the specificity

3

issue was the lack of specific dates. The court took the matter under submission and subsequently issued an order, directing the People to "provide three specific dates of crimes for each count," one within the first six months of the time period, one within six months of the middle, and one within six months of the end. The court clarified it was not limiting the People to "three counts per time period," but wanted to "obtain a better view of what is truly at stake" so it "may make an appropriate ruling." At a hearing the same day, the court again characterized the issue as "specificity under [section] 952."

The People provided a 1,198 entry spreadsheet identifying specific dates, rather than date ranges. The People later revised the spreadsheet to reflect 1,096 entries and certain other revisions. At the next hearing in March 2015, the trial court found the "spreadsheet is good, it gets all the information out there," but directed the People to prepare an "actual amended complaint" with "specific people that are charged and a specific date and whatever it was that they did." It elaborated the People had to "have at least one specific date per count" and "may want to file one count for every specific date, or just file one count and use the other stuff as 1101(b)." California Evidence Code section 1101, subdivison (b), permits admission of evidence a person committed a crime to prove a fact other than disposition to commit such an act.

In April 2015, the parties again appeared on the demurrer. The People provided copies of an amended complaint, now reflecting 1,104 counts, but maintained they were not required to file it. The trial court reiterated its view that there was a "lack of specificity," noting the "long time span," "number of defendants," and that "some defendants were on some counts, some . . . in others" and finding the amended complaint

4

would answer the questions of "what exactly you are charging [them] with" and "which days."  The court sustained the demurrer and the People appealed.

DISCUSSION

I. *Legal Principles*

A.  Felony Prosecutions

All felonies are prosecuted by indictment or information, other than as provided in section 859a (which is not at issue here).  (§ 737; see also § 949.)  The information is preceded by a written complaint and a preliminary examination.  (§ 738.)

The courts have observed that " 'in modern criminal prosecutions initiated by informations, the transcript of the preliminary hearing, not the accusatory pleading, affords defendant practical notice of the criminal acts against which he must defend.' " (*People v. Jones* (1990) 51 Cal.3d 294, 317 (*Jones*), quoting *People v. Gordon* (1985) 165 Cal.App.3d 839, 870-871 (conc. opn. of Sims, J.); see also *People v. Marshall* (1957) 48 Cal.2d 394, 399, fn. 5 (accord); *People v. Washington* (1971) 17 Cal.App.3d 470, 475 (accord).)  Specifically, "[t]he information plays a limited but important role - it tells a defendant what kinds of offenses he is charged with and states the number of offenses that can result in prosecution.  However, the time, place, and circumstances of charged offenses are left to the preliminary hearing transcript.  This is the touchstone of due process notice to a defendant. . . .  The defendant may demur if he or she believes the lack of greater specificity hampers the ability to defend against the charges."  (*People v. Jeff* (1988) 204 Cal.App.3d 309, 342 (*Jeff*).)

B.  Demurrers

Section 1004 provides a defendant "may demur to the accusatory pleading at any time prior to the entry of a plea, when it appears upon the face thereof" that, among other things, "it does not substantially conform to the provisions of Sections 950 and 952, and also Section 951 in case of an indictment or information," or "[t]hat more than one offense is charged, except as provided in Section 954."  An accusatory pleading "include[s] an indictment, an information, an accusation, and a complaint."  (§ 691, subd. (c).)

Section 950 requires the accusatory pleading to contain the title of the action, the court, the parties' names, and a statement of the charged offenses.  Section 952 states, in relevant part:  "[E]ach count shall contain, and shall be sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified.  Such statement may be made in ordinary and concise language without any technical averments or any allegations of matter not essential to be proved.  It may be in the words of the enactment describing the offense or declaring the matter to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is accused. . . ."

Section 954 states, also in relevant part:  "An accusatory pleading may charge two or more different offenses connected together in their commission, or different statements of the same offense or two or more different offenses of the same class of crimes or offenses, under separate counts . . . ."

6

C. Standard of Review

"[A] demurrer lies only to challenge the sufficiency of the pleading. It is limited to those defects appearing on the face of the accusatory pleading, and raises only issues of law. [Citations.] ' "The [accusatory pleading] must be given a reasonable interpretation and read as a whole with its parts considered in their context." ' " (*People v. Biane* (2013) 58 Cal.4th 381, 388, italics omitted.)

However, a demurrer in a felony proceeding on section 952 grounds also requires consideration of the preliminary hearing or grand jury transcript. (*People v. Jordan* (1971) 19 Cal.App.3d 362, 369-370 (*Jordan*) ["Since the constitutional application of section 952 relies in part upon notice afforded by the transcript, it follows a demurrer under section 1004 for failure of the indictment to substantially conform to section 952 contemplates testing the adequacy of the notice to defendant by allegations in the language of the statute *when viewed in light of the transcript*."]; *People v. Hathaway* (1972) 27 Cal.App.3d 586, 595 (*Hathaway*) [accord]; *People v. Tolbert* (1986) 176 Cal.App.3d 685, 690, fn. 2 (*Tolbert*) [same with respect to information].)

On review, we make our own independent judgment on the sufficiency of the complaint. (*People v. Keating* (1993) 21 Cal.App.4th 145, 150-151 [" ' "[W]e are not bound by the construction placed by the trial court on the pleadings but must make our own independent judgment thereon." ' "].)

7

II. *Analysis*

A. Notice.

The People contend the complaint was sufficient under sections 950 and 952 at this stage of the felony proceeding. We agree. On the face of the complaint, there is no issue; it states the action's title, court, parties, and charges (§ 950), and the counts set forth the charges in ordinary language and using the statutory text, as permitted (§ 952). Although it does not identify specific dates for all counts, it is not required to do so unless time is a material element and Defendants identify no authority to establish it is. (§ 955 ["The precise time at which the offense was committed need not be stated in the accusatory pleading, but it may be alleged to have been committed at any time before the finding or filing thereof, except where the time is a material ingredient in the offense."].)

With respect to the adequacy of notice for due process purposes, the authorities direct us to review the allegations in the accusatory pleading in conjunction with the preliminary hearing transcript, but are silent as to how to proceed when the preliminary hearing has not occurred yet. (See, *e.g.*, *Jordan*, *supra*, 19 Cal.App.3d at pp. 369-370.) We find we still must consider the preliminary hearing's role, relative to notice; namely, to provide sufficient information to satisfy due process concerns. (See, *e.g.*, *Jones*, *supra*, 51 Cal.3d at p. 317; *Jeff*, *supra*, 204 Cal.App.3d at p. 342.) Here, the trial court requested the People provide specific dates, information that normally is "left to the preliminary hearing transcript." (*Jeff*, at p. 342.) The People provided this information and the court found it satisfied its specificity concerns. We cannot assume the People would fail to provide such information at the preliminary hearing and, at this early stage, find the

8

complaint sufficient for notice purposes. Because we find notice sufficient, we need not reach the parties' arguments regarding restitution.

Defendants' arguments regarding notice at this stage are unpersuasive. First, they contend the court cannot rely on later-provided information in assessing the sufficiency of a complaint, citing a misdemeanor case, *People v. Lamadrid* (1981) 118 Cal.App.3d 786. However, *Lamadrid* itself distinguishes felony proceedings, noting in misdemeanors, "no transcript of preliminary examination or grand jury proceedings will be available (as it would be in felony proceedings) to augment the allegations of the pleading." (*Id.* at p. 790; see also *Sallas v. Municipal Court* (1978) 86 Cal.App.3d 737, 742 ["[I]n *felony* prosecutions an accused will be advised of the nature of the charge against him by the transcribed grand jury or preliminary hearing testimony, thus ordinarily satisfying due process requirements. [Citations.] But such information is not available to the misdemeanor defendant."].)

They also argue that while statutory language may suffice pre-demurrer, it may not provide sufficient notice once tested, noting due process concerns and citing cases where statutory language was insufficient (*e.g.*, where the statutory definitions included unconstitutionally vague terms). The due process concerns should be resolved at the preliminary hearing and Defendants do not argue the statutes at issue are ambiguous; rather, they want specifics regarding the alleged crimes, which, again, are provided at the preliminary hearing. (See *Jordan*, *supra*, 19 Cal.App.3d at pp. 369-370 [recognizing that "pleading in the words of a statute is not sufficient where the statute itself does not give

9

constitutionally adequate notice of the offense," but confirming that the adequacy of allegations in statutory language must be tested in light of the transcript].)

Likewise unpersuasive is Defendants' argument that the post-preliminary hearing cases are inapplicable. As our discussion *ante* reflects, we find felony procedural considerations govern felony proceedings, even at the early stages. Thus, these cases are instructive. The dearth of authority on pre-preliminary hearing demurrers in felony proceedings is itself telling, but also unsurprising, given the function of the preliminary hearing in providing notice and the ability to demur to the information. (See *Jordan*, *supra*, 19 Cal.App.3d at pp. 369-370; §§ 961, 1004.)

Finally, Defendants suggest statutory timing rules require them to demur to the felony complaint prior to the preliminary hearing or risk waiving their notice argument. Section 1003 provides the demurrer and plea must be made "at the time of the arraignment or at such other time as may be allowed to the defendant for that purpose," while section 1004 requires a demurrer be made before the plea. Even assuming a demurrer to a felony complaint generally must be made prior to the preliminary hearing, this does not change our analysis, as a defendant can demur to the information. (§§ 691, 1004; see also *Tolbert*, *supra*, 176 Cal.App.3d at p. 690.) Defendants, however, claim failure to demur to the complaint constitutes waiver, relying on section 1012. But section 1012 simply provides that "[w]hen any of the objections mentioned in Section 1004 appears on the face of the accusatory pleading, it can be taken only by demurrer, and failure so to take it shall be deemed a waiver thereof." (§ 1012.) It does not state a defendant must demur at the first opportunity, nor prevent defendants from demurring to

informations or indictments on notice grounds (as the cases reflect they do). (See, *e.g.*, *Jordan*, *supra*, 19 Cal.App.3d at pp. 369-370; *Hathaway*, *supra*, 27 Cal.App.3d at p. 594; *Tolbert*, *supra*, at p. 689.) Defendants' reliance on *In re Geer* (1980) 108 Cal.App.3d 1002, 1005 is also misplaced, as *Geer* provides no guidance on the notice issues before us.

B. Section 954.

We now turn to Defendants' contention that the complaint violates principles of "duplicity" (i.e., including two or more offenses in a single count) and section 954 by including multiple criminal acts under each count. We decline to rule on this ground, as Defendants did not actually demur upon it.

Section 954 is a waivable ground for demurrer. (§ 1012, *People v. McNeill* (1980) 112 Cal.App.3d 330, 334-335 (*McNeill*).) Defendants did not demur on this ground and identify nothing to suggest the trial court ruled on it. Meanwhile, the record reflects the trial court found the issue before it was specificity under section 952. Although Defendants presented supplemental briefing and argument on section 954, they do not explain their failure to include this ground in the demurrer itself. Under the applicable pleading and waiver principles, we cannot affirm an order sustaining a demurrer by relying on a waivable ground not stated in that demurrer, when the pleading is otherwise sufficient. (See §1005 [demurrer "must distinctly specify the grounds of objection to the accusatory pleading"]; *People v. Palumbo* (1932) 127 Cal.App. 703, 705-706 [objection on section 954 grounds "can only be taken by demurrer"]; *People v. McNabb* (1935) 3 Cal.2d 441, 449 [finding demurrer deficient under section 1005 where it actually

11

identified section 954, but failed to specify how the allegation violated the section]; *People v. Kemp* (1961) 55 Cal.2d 458, 474 ["Under [§ 1012] it is well settled that in the absence of demurrer or proper objection, the defendant must be deemed to have waived the point"]; see also *Collins v. Rocha* (1972) 7 Cal.3d 232, 239 [in civil context, reviewing stated grounds for demurrer, but finding objection that defendant failed to raise by special demurrer was deemed waived].)

Although we do not reach the section 954 issue, we make two further observations for the benefit of the parties and trial court.

First, Defendants do not establish that the section 954 issue here (i.e., whether the alleged criminal activity constitutes multiple offenses for section 954 purposes) could be resolved prior to the preliminary hearing. The People maintain this case involves "necessarily multiple identical acts for a number of ongoing plans," pointing to ongoing payroll practices; Defendants disagree, contending each submission was a separate act and noting the People stated payroll "was submitted to the payroll company roughly once per week, but it did fluctuate from time to time." The case upon which Defendants rely to contend they can demur to a complaint including multiple offenses in one count, *McNeill*, *supra*, 112 Cal.App.3d 330, did not even involve a demurrer. There, the reviewing court reversed a conviction on a single assault count involving four victims, finding each assault was a separate offense, the accusatory pleading was "defective in alleging multiple offenses in one count" (although defendant waived the issue by not demurring), and there was no sufficient unanimity instruction. (*Id.* at pp. 334-335.)

*McNeill* did not address a situation where, as we may have here, information at the preliminary hearing may inform the section 954 analysis.

Second, even assuming section 954's "may charge . . . []under separate counts" language, along with *McNeill's* findings and broader principles of duplicity, prohibit multiple acts in the same count, the authorities on which the parties rely provide little guidance on how to apply the facts before us to a section 954 demurrer at this stage.

The People cite *People v. Bailey* (1961) 55 Cal.2d 514 and *People v. Whitmer* (2014) 59 Cal.4th 733 (*Whitmer*). These cases address aggregation of theft offenses in certain contexts and may not apply to the alleged criminal conduct here at all. (*Bailey*, at pp. 518-519; *Whitmer*, at p. 740; *People v. Kirvin* (2014) 231 Cal.App.4th 1507, 1518.) Defendants rely on continuing offense cases from various contexts and stages, only one of which even addresses insurance fraud (and appears to involve incidents of fraud rather than an alleged ongoing plan to reduce insurance premiums). (See *People v. Zanoletti* (2009) 173 Cal.App.4th 547, 556 [upholding insurance fraud convictions under two subsections of section 550, where they were based on different acts of fraud]; see also, *e.g.*, *Wright v. Superior Court* (1997) 15 Cal.4th 521, 525, 524 [finding felony prosecution for failure to comply with sex offender registration statute was not ex post facto because such failure was a continuing offense]; *People v. Epps* (1981) 122 Cal.App.3d 691, 701, 704 [reversing conviction based on multiple acts of annoying or molesting a minor where court failed to give sua sponte unanimity instruction].) Defendants also cite *Jordan*, *supra*, 19 Cal.App.3d at p. 371 (addressing the specificity of assault charges on a demurrer to an indictment, not purported multiplicity in a felony

13

complaint), and federal constitutional law and out-of-state authority (by its nature, offering little guidance on section 954).

None of these authorities expressly prohibit what the People seek to do at this early stage, and if anything, suggest the kind of multiplicity questions at issue here may be resolved at least somewhat later in a proceeding; *e.g.*, after the preliminary hearing or grand jury. (See, e.g., *Whitmer*, *supra*, 59 Cal.4th at p. 747 (conc. opn. of Liu, J) [observing, in the theft context, "it may not be evident at the time of charging whether the takings were 'committed pursuant to one intention, one general impulse, and one plan' "]; *Jordan*, *supra*, 19 Cal.App.3d at p. 371 [on demurrer to *indictment after grand jury*, noting defendant's right "to demand the People make an election of the acts upon which they rely as to specific counts" and finding it "appropriate . . . the election be exercised by amendment of the accusatory pleading"]; see also *People v. Salvato* (1991) 234 Cal.App.3d 872, 882 ["[T]he defendant is entitled, at the commencement of trial (or as soon as practically possible), to a prosecutorial election upon demand."]; *People v. Gonzales* (2014) 60 Cal.4th 533, 537 [observing "Section 954 . . . concerns the propriety of multiple convictions."].)

DISPOSITION

The order is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.

McINTYRE, J.

WE CONCUR:

McCONNELL, P. J.

AARON, J.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D069275 |
| Plaintiff and Appellant, | (Super. Ct. No. RIF1405208) |
| v. | ORDER CERTIFYING OPINION FOR PUBLICATION |
| SABAS TRUJILLO et al., | |
| Defendant and Respondent. | |

THE COURT:

The opinion in this case filed January 4, 2016, was not certified for publication.  It appearing the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), the request pursuant to rule 8.1120(a) for publication is GRANTED.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

ORDERED that the words "Not to Be Published in the Official Reports" appearing on page 1 of said opinion be deleted and the opinion herein be published in the Official Reports.

McINTYRE, Acting P. J.

Copies to:  All parties

16