Filed 7/2/24  P. v. Orabuena CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E080218 |
| v. | (Super.Ct.No. FVA07655) |
| MARK ORABUENA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Jon D. Ferguson, Judge.  Reversed with directions.

Mark Alan Hart, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Lynne G. McGinnis, Robin Urbanski and Michael Butera, Deputy Attorneys General, for Plaintiff and Respondent.

1

## I.  INTRODUCTION

Defendant and appellant, Mark Orabuena, filed a petition to vacate his murder conviction pursuant to Penal Code[1] section 1172.6.  The trial court summarily denied the petition without issuing an order to show cause or conducting an evidentiary hearing after concluding that defendant's record of conviction conclusively established defendant was ineligible for relief.  Defendant appeals, arguing that the trial court prejudicially erred in considering the transcript of his preliminary hearing and in its determination that he was ineligible for relief.

We conclude the trial court did not err in considering defendant's preliminary hearing transcript under the specific facts of this case, but we agree that the trial court erred in reaching its ultimate conclusion that the record of conviction established that defendant was ineligible for relief under section 1172.6.  As a result, we reverse and remand the matter with instructions to issue an order to show cause and hold an evidentiary hearing as provided in section 1172.6, subdivision (d).

## II.  BACKGROUND

On March 12, 1998, the People filed an information alleging a single count of murder (count 1, §187, subd, (a)) against defendant.  The information generally alleged that defendant "willfully, unlawfully, and with malice aforethought" killed the victim.  The information also alleged that in the commission of the murder, defendant personally used a firearm within the meaning of sections 1203.06, subdivision (a)(1) and 12022.5,

---

[1] Undesignated statutory references are to the Penal Code.

2

subdivision (a).

In June 1998, defendant pled guilty to murder. The record contains a written plea form identifying the offense to which defendant pled guilty as "PC 187(a)" and "First Degree Murder." The prosecution moved to dismiss the firearm use allegation, the trial court entered an order finding that a factual basis exists for the plea, and the trial court sentenced defendant to a term of 25 years to life in state prison. The written plea agreement contains no other information pertaining to the factual basis of defendant's plea and the record does not contain a transcript of a plea hearing.

In January 2022, defendant filed a petition for resentencing pursuant to section 1172.6. The petition was accompanied by a declaration generally stating that an information was filed against defendant that permitted the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; that defendant pled guilty to first degree murder because he believed he could have been convicted under one of those theories of murder; and that defendant could not now be convicted of first degree murder in light of changes made to the Penal Code. The trial court appointed counsel, who filed a brief in support of the petition arguing that the information filed against defendant was "silent as to any theory of murder liability" and, as a result, defendant was entitled to an order to show cause and evidentiary hearing on his petition.

The People filed opposition to defendant's petition, arguing that defendant is ineligible for resentencing because "[t]here is absolutely nothing on the face of either the Complaint or the plea that suggests a theory that [defendant] was convicted under a

3

theory of felony murder or the natural and probable consequences doctrine" and that the record showed defendant "was the sole killer and sole shooter." In support, the People attached a copy of the felony complaint, written plea form, and written order accepting defendant's plea. Additionally, while the People did not produce a copy of the transcript of defendant's preliminary hearing or refer to it in opposition to the petition, the trial court apparently requested that a copy of the transcript be produced for its review following a conference with counsel off the record.

On November 14, 2022, the trial court held a hearing and denied defendant's section 1172.6 petition. The trial court stated the following reasons for denial of the petition: "There was no jury trial in this case, but the defendant after preliminary hearing was charged alone on a one-count Information, alleging murder. And it was alleged as – the theory of murder was that it was willful, unlawful, and with malice aforethought. Again, that – so malice wasn't imputed or anything like that. He pled to a charge that included malice aforethought as an element, again, supporting the idea that there was no natural and probable consequences for felony murder. [¶] The theory advanced at preliminary hearing is consistent with that, that it was a felony murder. The parties stipulated at the time of prelim . . . that the victim died from multiple gunshot wounds to the head and chest, and the stipulation at that stage was that it was homicide. So those facts were undisputed, and I think the evidence the Court can consider, again, refute [*sic*] the idea that this was any theory of murder that would still not be viable in the light of [section 1172.6]. [¶] And so for those reasons, the petition will be denied, as he was the lone defendant, pled to a charge which included malice aforethought, and the facts at the

4

preliminary hearing . . . would support a theory of malice aforethought as well."

Defendant appeals from the order denying his section 1172.6 petition.

## III. DISCUSSION

*A. Legal Background*

"Our Legislature enacted what is now section 1172.6 and simultaneously amended sections 188 and 189 in order to eliminate criminal liability for murder, attempted murder, and manslaughter absent a showing of the defendant's personal intent . . . Now, a conviction for these crimes requires proof that the defendant (1) was the actual killer . . . (2) directly aided and abetted the actual killer while acting with the intent to kill, or (3) was a major participant in a felony who acted with reckless indifference to the value of human life." (*People v. Duran* (2022) 84 Cal.App.5th 920, 927.) "[S]ection 1172.6 is the statutory mechanism for determining whether to *retroactively* vacate a final murder . . . conviction that does not comply with the new, narrower definitions." (*Ibid.*) "A defendant seeking relief under section 1172.6 must 'file a petition' alleging entitlement to relief along with 'a declaration' attesting to eligibility for relief." (*Ibid.*)

"When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.'" (*People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*).) "In determining whether the petitioner has made a prima facie case for relief, . . . the trial court's inquiry is limited: the court, accepting the petition's factual allegations as true, makes a 'preliminary assessment' whether the petitioner would be entitled to relief it those allegations were proven." (*People v. Lopez* (2022)

5

78 Cal.App.5th 1, 13; *People v. Eynon* (2021) 68 Cal.App.5th 967, 975 (*Eynon*).) "[A] petitioner's allegations should be accepted as true, and the court should not make credibility determinations or engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 974 (*Lewis*).)

However, "[i]n conducting the prima facie review, the court may consider the record of conviction" (*Eynon, supra*, 68 Cal.App.5th at pp. 974-975) and "[i]f the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*Strong, supra*, 13 Cal.5th at p. 708.) Thus, " '[i]f the record, including the court's own documents, 'contain[s] facts refuting the allegations made in the petition,' then 'the court is justified in making a credibility determination adverse to the petitioner,' thereby deeming the petitioner ineligible.' " (*People v. Harden* (2022) 81 Cal.App.5th 45, 52; *Lewis, supra*, 11 Cal.5th at p. 971 ["[t]he record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless"].)

In this case, the People do not attempt to contest the sufficiency of the allegations set forth in defendant's petition to show a prima facie case he is eligible for relief under section 1172.6. Instead, the People contend, as the trial court concluded, that the record of conviction conclusively established that defendant was ineligible for relief, despite the allegations of defendant's petition. For the reasons set forth below, we conclude the trial court erred in reaching this conclusion.

6

*B. The Trial Court Did Not Err In Considering the Preliminary Hearing Transcript*

Initially, we address defendant's claim that the trial court erred by considering the transcript of his preliminary hearing. According to defendant, the trial court could not consider the preliminary hearing transcript because he did not stipulate to the transcript as a factual basis for his plea. We disagree that the trial court erred under the specific circumstances of this case.

It is well settled that in deciding whether a petitioner has stated a prima facie case for relief, "the parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case for relief" (*Lewis, supra*, 11 Cal.5th at p. 972) and, as a general matter, a preliminary hearing transcript constitutes part of the record of conviction. (*People v. Reed* (1996) 13 Cal.4th 217, 230 [preliminary hearing transcript is part of record of conviction]; *People v. Gonzales* (2005) 131 Cal.App.4th 767, 775 [same].) However, we acknowledge that the extent to which a trial court may consider the facts disclosed in a preliminary hearing transcript to determine whether a petitioner is ineligible for relief at the prima facie stage of a section 1172.6 petition is unsettled. (See *People v. Patton* (2023) 89 Cal.App.5th 649, 657 [trial court could consider undisputed witness testimony from preliminary hearing transcript regardless of whether defendant stipulated whether transcript provided factual basis for plea]; see also *People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1161 [trial court is permitted to consider evidence presented at preliminary hearing where the preliminary hearing transcript is stipulated as the factual basis for defendant's plea]; see also *People v. Flores* (2022) 76 Cal.App.5th 974, 991 [declining to follow *Nguyen* because a

7

stipulation that a preliminary hearing transcript provides a factual basis for a plea "is not a 'binding admission for all purposes'"].) Nevertheless, these authorities are chiefly concerned with the circumstances under which a trial court may rely on the evidence adduced at the preliminary hearing to determine the theory of murder upon which a defendant was convicted and whether doing so constitutes impermissible judicial factfinding at the prima facie stage of a section 1172.6 petition. We need not express an opinion on this point because we do not believe this issue is implicated by the facts of this case.

As the People correctly point out, the record shows that the trial court in this case considered the preliminary hearing transcript for a different purpose: to understand the scope of the charges against defendant. Indeed, when referencing the preliminary hearing transcript during its statement of reasons, the trial court made no mention of any of the witness testimony presented at the preliminary hearing,[2] but instead repeatedly referred to the preliminary hearing transcript to the extent it disclosed the prosecution's "theory" of murder.

We see no reason why the trial court cannot consider the preliminary hearing transcript for the limited purpose of determining the scope of the charges against a criminal defendant. After all, "[a] criminal defendant . . . has a federal constitutional

_____

[2] While the trial court referenced the parties' stipulation that the victim died from multiple gunshot wounds and the death was a homicide at the time of the preliminary hearing, these stipulated facts on their own shed no light on the theory of the case. Moreover, there is no indication that the trial court weighed these facts against the factual allegations of defendant's petition.

8

right to 'be informed of the nature and cause of the accusation' " (*People v. Quiroz* (2013) 215 Cal.App.4th 65, 70 (*Quiroz*)) and "the preliminary hearing transcript 'affords the defendant notice of the time, place and circumstances of the charged offenses.' " (*People v. Sorden* (2021) 65 Cal.App.5th 582, 585; *People v. Jenkins* (2000) 22 Cal.4th 900, 950 [a defendant obtains adequate notice of the prosecution's theory of the case from the testimony presented at the preliminary hearing]; *People v. Calhoun* (2019) 38 Cal.App.5th 275, 305 ["[I]t is not the complaint but the totality of the evidence produced at the preliminary hearing which notifies the defendant of the potential charges he may have to face in the superior court"]; *People v. Jennings* (1991) 53 Cal.3d 334, 358 ["Under modern pleading procedures, notice of the particular circumstances of an alleged crime is provided by the evidence presented . . . at the preliminary examination, not by a factually detailed information"].) Indeed, the preliminary hearing transcript may show that a defendant could have been convicted of an offense that was not adequately alleged in the charging document. (See *People v. Tolbert* (1986) 176 Cal.App.3d 685, 692 [while amended information failed to contain necessary allegations, preliminary hearing transcript gave defendant sufficient notice of the offenses to permit the prosecution to proceed].)

In our view, this case does not involve the type of judicial factfinding that is currently the subject of disagreement among the Courts of Appeal. Regardless of whether a defendant stipulates to a preliminary hearing transcript as a factual basis for his plea, the preliminary hearing transcript is still relevant to determine the prosecution's theory of the case and the scope of the charges alleged against a criminal defendant.

9

Thus, to the extent the trial court considered the preliminary hearing transcript to determine the theories advanced by the prosecution at the time of the preliminary hearing, this was not error.[3]

*C. The Record of Conviction did not Conclusively Establish Defendant Was Ineligible for Relief*

While we find no error in the trial court's decision to consider the preliminary hearing transcript for the purpose of clarifying the nature of the charges against defendant, we disagree with the trial court's conclusion that the allegations made in the information and at the time of the preliminary hearing were sufficient to show defendant was ineligible for relief under section 1172.6.

In order to deny relief at the prima facie stage of a section 1172.6 petition, the record of conviction must "establish conclusively that the defendant is ineligible for relief." (*Strong, supra*, 13 Cal.5th at p. 708; *People v. Lopez*, *supra*, 78 Cal.App.5th at p. 20 ["the issue is whether the record of conviction conclusively establishes as a matter of law" that the defendant is ineligible for relief].) In the context of a plea, the record of conviction will establish that the petitioner is ineligible for relief if the "charge []or the plea excludes petitioner from resentencing eligibility as a matter of law." (*People v.*

_____

[3] Consideration of the preliminary hearing transcript for this purpose is similar to the practice of considering the prosecutor's closing argument at trial to the extent it might shed light on the basis of a jury's conviction. (See *People v. Lee* (2023) 95 Cal.App.5th 1164, 1187 [considering the prosecutor's closing arguments to determine what theories a conviction may have been based upon]; see also *People v. Estrada* (2022) 77 Cal.App.5th 941, 949 [consideration of prosecutor's closing argument in determining petitioner was ineligible for relief]; see also *People v. Ervin* (2021) 72 Cal.App.5th 90, 110 [same].)

*Flores*, *supra*, 76 Cal.App.5th at p. 987; *People v. Reyes* (2023) 97 Cal.App.5th 292, 296 [petitioner is ineligible for relief where charging document did not permit prosecution to proceed on a now invalid theory of murder and plea could not have been interpreted as an admission to a now invalid theory of murder].) As we explain, neither the charging document nor the plea in this case was sufficient to conclusively establish that defendant is ineligible for relief.

1. The Charges Did Not Limit The Theory of Murder Upon Which the Prosecution Could Have Sought a Conviction

In this case, the allegations of the information did not limit the theory of murder upon which defendant could have ultimately been convicted. The trial court relied on language in the information alleging that the murder was "willful, unlawful, and with malice aforethought" in order to conclude that defendant could not have been convicted on any theory involving imputed malice, such as murder based upon the now invalid natural and probable consequences doctrine. However, "[t]he allegation that a murder was committed 'willfully, unlawfully, and with malice aforethought' is a well-recognized way of charging murder in a generic sense." (*People v. Davenport* (2021) 71 Cal.App.5th 476, 484.) "The generic manner for charging murder, however, does 'not limit the People to prosecuting [defendant] on any particular theories.' " (*Ibid.*; *People v. Rivera* (2021) 62 Cal.App.5th 217, 234, review granted June 9, 2021, S268405 ["the allegation that a murder was committed 'willfully, unlawfully, and with malice aforethought' is a generic charge permitting the prosecution to proceed on *any* theory of murder"]; *Eynon, supra*, 68 Cal.App.5th at pp. 972, 977 [allegation that a defendant did "

11

'willfully, unlawfully, and with deliberation, premeditation, and malice aforethought murder [the victim]'  was a "generic murder charge" that "allowed the prosecution to proceed on any theory of liability, including natural and probable consequences or felony murder"].)  Thus, contrary to the trial court's conclusion, the use of the language "malice aforethought" did not operate to limit the prosecution's ability to seek a conviction on any valid theory of murder, including one no longer legally permitted.

The trial court also relied on the fact that defendant was charged "alone on a one-count Information, alleging murder."  However, "[p]rosecutors have broad discretion to decide whom to charge, and for what crime. . . .  It is well established . . . that a district attorney's enforcement authority includes the discretion to either prosecute or to decline to prosecute an individual when there is probable cause to believe he has committed a crime." (*People v. Lucas* (1995) 12 Cal.4th 415, 477.)  As such, it is not necessary to charge an underlying felony for a jury to convict a defendant of murder based upon a felony-murder theory.  (*People v. Johnson* (1991) 233 Cal.App.3d 425, 453 [rejecting argument that conviction must be reversed because "the trial court instructed the jury on felony murder although the information charged neither felony murder nor the underlying felony"].)  Likewise, the prosecution was not required to charge the underlying target offense in order to seek a murder conviction premised upon the natural and probable consequences doctrine.  (*People v. Prettyman* (1996) 14 Cal.4th 248, 266-267 [conviction for murder can be based upon the natural and probable consequences doctrine using an "uncharged target offense"]; *People v. Lamoureux* (2019) 42 Cal.App.5th 241, 256 [same].)  Thus, the fact that the information charged defendant alone with a single count

12

of murder, without any separately charged offenses, did not limit the prosecution's ability to pursue a conviction on any particular theory of murder. Nor did it conclusively establish that defendant was the only participant to the murder in this case.

Finally, while we have concluded that the preliminary hearing transcript can be considered to the extent that it may clarify the scope of the charges, the purpose of the inquiry is still to determine whether the charges exclude a petitioner's resentencing eligibility as a matter of law. Notably, advancing one theory of murder at the time of a preliminary hearing does not prohibit the prosecution from later pursuing a conviction based upon a different theory. (*Quiroz, supra*, 215 Cal.App.4th at pp. 70-71 ["notice of a new theory [is] constitutionally sufficient when the defendant is further alerted to the theory . . . by the People's express mention of that theory before or during trial sufficiently in advance of closing argument"]; *People v. Davis* (1995) 10 Cal.4th 463, 513-514 [no due process violation where defendant is informed "early in the trial and thereafter that the prosecution intended to pursue" a new theory of murder].) Thus, even accepting the People's characterization that the preliminary hearing transcript in this case shows that the prosecution advanced only one theory of murder at the time of the hearing, this would not show that the prosecution was categorically precluded from seeking a conviction based upon a different theory had the case gone to trial.

Where the record of conviction does not conclusively show that the charging document limited defendant's potential conviction to theories of murder that remain valid under current law, the charges did not establish that defendant was ineligible for relief as a matter of law.

2. The Plea Did Not Limit The Theory Upon Which the Prosecution Could Seek a Conviction

As the People concede, the record in this case does not disclose the factual basis for defendant's plea. Defendant's written plea form stated only that he was pleading guilty to "first degree murder" and the trial court's order states only that it found a factual basis existed for defendant's plea. Nevertheless, the People argue that because the prosecutor advanced only one theory of liability at the time of defendant's preliminary hearing, this was the "only available factual basis for [defendant's] guilty plea". We disagree.

The record does not disclose how the trial court reached its conclusion that a factual basis existed for defendant's plea when accepting the plea. While inclusion of an express stipulation that some document (such as the preliminary hearing transcript) contains the factual basis of a defendant's plea is desirable, this is not the only means by which a trial court can determine that a factual basis for a plea exists. (See *People v. Palmer* (2013) 58 Cal.4th 110, 118 [in some cases, "the trial court may satisfy its statutory duty by accepting a stipulation from counsel that a factual basis for the plea exists without also requiring counsel to recite facts or refer to a document in the record"]; see also *People v. Holmes* (2004) 32 Cal.4th 432, 436 [trial court may inquire of the defendant directly regarding the factual basis of a plea and develop the factual basis through its own examination and questioning of the defendant].) Thus, even accepting as true the People's argument that the preliminary hearing transcript shows the prosecution alleged only one theory of murder at the time of the hearing, we have no reason to

conclude that any evidence or argument presented at the preliminary hearing served as the basis upon which the trial court determined there was a factual basis for defendant's plea.

The Court of Appeal recently addressed a similar situation in *People v. Das* (2023) 96 Cal.App.5th 954 (*Das*). In *Das*, there was no preliminary hearing and the trial court asked the prosecutor on the record to explain the factual basis for the defendant's plea. (*Id.* at p. 957.) In response, the prosecutor recited facts supporting a single theory of the case that the defendant was the actual perpetrator of an attempted murder. (*Ibid.*) Based upon the prosecutor's representation, the trial court found a factual basis for the defendant's plea "[w]ithout asking whether defendant (or his attorney) stipulated to this factual basis." (*Ibid.*) The Court of Appeal concluded that such a record was insufficient to establish the defendant was ineligible for relief under section 1172.6, explaining: "defendant did not stipulate to a factual basis for his plea, either in writing on a plea form or verbally at the change of plea hearing. . . . Nor can defendant's silence following the prosecutor's recitation of the factual basis somehow be interpreted as an 'implied' stipulation or admission by defendant. . . . Although this may have been the prosecution's main theory of the case, the complaint filed against defendant also allowed the prosecution to pursue [other theories]. . . . Without defendant's admission . . . we do not know whether [the prosecutor's recitation] was the actual basis for defendant's plea, or whether defendant pled guilty because he believed the jury could have convicted him of[some other theory]." (*Das*, at p. 962.)

The reasoning set forth in *Das* applies with equal force to this case. While the

prosecutor may have advanced only one theory of murder at the time of the preliminary hearing, the record does not establish that defendant stipulated that the preliminary hearing transcript contained the factual basis of his plea. Like in *Das*, we cannot assume that a silent record is the equivalent of an implied stipulation or admission by defendant that the prosecutor's allegations or theory of the case served as the factual basis for his plea. As a result, the record is simply insufficient to conclude that defendant's plea precluded his eligibility for relief under section 1172.6 as a matter of law.

*D. The Error Was Not Harmless*

The People also briefly contend that, even if the trial court erred in dismissing defendant's petition, any error was harmless. It is true that to warrant reversal, defendant must "demonstrate there is a reasonable probability that in the absence of the error he . . . would have obtained a more favorable result." (*Lewis*, *supra*, 11 Cal.5th at p. 974 [applying state law standard for harmlessness to the erroneous dismissal of a resentencing petition under former version of section 1172.6].) However, where the record of conviction does not establish conclusively that the defendant is ineligible for relief under section 1172.6, the trial court is not permitted to deny a defendant's section 1172.6 petition at the prima facie stage. (*People v. Curiel* (2023) 15 Cal.5th 433, 1021.) Thus, in the absence of error, defendant would have been entitled to an evidentiary hearing in this case, which constitutes a more favorable result warranting reversal. (*Lewis*, *supra*,

11 Cal.5th at p. 974.)[4]

## IV.  DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is reversed and the matter remanded to the trial court for further proceedings.  Upon remand, the trial court is directed to issue an order to show cause and conduct an evidentiary hearing on defendant's petition pursuant to section 1172.6, subdivision (d).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:

RAMIREZ
P. J.

MENETREZ
J.

[4]  We observe that even if harmlessness turned on whether there is a reasonable probability defendant would prevail on the merits if given an evidentiary hearing, reversal would be required.  At an evidentiary hearing, the parties are not limited to reliance on evidence in the record of conviction and may introduce new and additional evidence to demonstrate whether a petitioner is eligible for relief.  (§1172.6, subd. (d)(3).)  However, because defendant's petition was erroneously dismissed prior to an evidentiary hearing he would otherwise have been entitled to, there is no record to show what evidence defendant might introduce at the time of an evidentiary hearing; what evidence the People might introduce in addition to the record of conviction; or how objections to either parties' evidence might be resolved.  Thus, a reviewing court has no record upon which to determine the defendant's probability of prevailing on the merits after an evidentiary hearing.  Errors that are not amenable to harmless error review require automatic reversal.  (*People v. Sivongxxay* (2017) 3 Cal.5th 151, 178; *In re Christopher L.* (2022) 12 Cal.5th 1063, 1073 ["per se reversal is required when a court refuses or fails to allow a party to present its entire case before the trier of fact"].)