Filed 8/26/20  P. v. Miller CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>SANTAWN MILLER,<br><br>        Defendant and Appellant. | B297084<br><br>(Los Angeles County<br>Super. Ct. No. NA049632) |

        APPEAL from an order of the Superior Court of Los Angeles County.  Judith Levey Meyer, Judge.  Affirmed.

        Cynthia L. Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

        Xavier Becerra, Attorney General, Lance E. Winters, Susan Sullivan Pithey, Assistant Attorneys General, Daniel C. Chang and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Santawn Atuanya Miller (defendant) appeals from the summary denial of his petition for writ of habeas corpus. He contends that the trial court erred in deeming the petition to be a petition for resentencing pursuant to Penal Code section 1170.95.[1] Defendant also contends that the trial court erred in ruling, that section 1170.95 is unconstitutional. As we find no merit to defendant's first contention, we affirm the court's order summarily denying the petition without reaching the trial court's second ground for its order.[2]

## BACKGROUND

### Senate Bill No. 1437

Senate Bill No. 1437 (S.B. 1437) amended sections 188 and 189, effective January 1, 2019. As amended, section 188 limits a finding of malice as follows: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Subdivision (e) of section 189 now reads: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven:

---

[1]     All further statutory references are to the Penal Code, unless otherwise indicated.

[2]     "Courts generally avoid reach constitutional questions unless absolutely required to do so to dispose of the issues before them. [Citations.]" (*People v. Hopson* (2017) 3 Cal.5th 424, 466.)

2

"(1) The person was the actual killer.

"(2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.

"(3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

S.B. 1437 also added section 1170.95 to provide a procedure by which those convicted of murder can seek retroactive relief if the changes in sections 188 or 189 would affect their previously affirmed convictions. (*People v. Martinez* (2019) 31 Cal.App.5th 719, 722.) Section 1170.95, subdivision (a) permits anyone convicted of felony murder or murder under a natural and probable consequences theory to file a petition with the sentencing court to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when certain conditions exist. Specifically, that the charging document allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; that the petitioner was convicted of murder; and that the petitioner could not now be convicted of murder due to changes to sections 188 or 189, effective January 1, 2019.

The petition must allege all three conditions and include the petitioner's declaration that he is eligible for relief, as well as the year of conviction and the superior court case number under which he was convicted, and any request for the appointment of

counsel.  (§ 1170.95, subd. (b)(1)(A)-C).)  If any of the required information is missing from the petition and cannot be readily ascertained by the court, the court may deny the petition without prejudice to the filing of another petition and so advise the petitioner.  (§ 1170.95, subd. (b)(2).)  Section 1170.95, subdivision (c) requires the court to "review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section."

Here, the trial court reviewed the petition and determined that defendant did not fall within the provisions of the statute. The matter thus ended at this stage.

**Defendant's petition for habeas corpus**

In 2002, defendant was convicted one count of first degree murder and three counts of attempted murder, which this court affirmed on appeal.  (See *People v. Miller* (Aug. 10, 2004, B165190) [nonpub. opn.] (*Miller I*).)[3]

In February 2019, defendant submitted a petition for writ of habeas corpus in the superior court, seeking resentencing under section 1170.95.  In addition to the three statutory conditions, the petition alleged that although defendant was convicted of murder in the first degree, he was eligible for resentencing because "he did not act with reckless indifference to human life, was not a major participant in the crime, did not intend to kill, was not the actual killer, did not assist the actual killer in the commission of the murder, [and] did not counsel,

---

[3]     We have granted respondent's motion for judicial notice of the appellate opinion in *Miller I* as well as the clerk's transcript filed in that appeal.

4

command, induce, solicit[], [or] request[] the murder."[4]  The petition further alleged that the actual killer/shooter was Wallace Vaughn, who told a detective that at no point before the shooting or after the shooting was anyone told about what he (Vaughn) was going to do.  Vaughn claimed that defendant never knew what was going on.  For some reason the statements were not allowed in open court and thus not considered by the jury.  (See *Miller I, supra*, B165190 at pp. 7-8.)  The petition requested an order to show cause and the appointment of counsel.[5]

On March 8, 2019, the trial court summarily denied relief based upon the court file and the appellate opinion in defendant's case.  The trial court found defendant ineligible for relief under S.B. 1437 because, although defendant was not the actual killer, he was not convicted of felony murder or on a theory of natural and probable consequences, but rather, as a direct aider and abettor in all counts, with his own intent to kill.  The trial court also found S.B. 1437 to be unconstitutional.

On March 29, 2019, defendant filed a petition for resentencing under section 1170.95 on a pre-printed form, with his declaration attached.  He stated that he had previously filed a petition for writ of habeas corpus, and learned on March 21, 2019, that he was required to file "this actual SB 1437 petition pursuant to Pen. Code § 1170.95 (a)(b)(A)-(C)."  On April 8, 2019,

---

[4]     Defendant attached a copy of the appellate opinion affirming his conviction in *Miller I*.

[5]     As a second ground for habeas corpus, defendant alleged that his waiver of a jury trial as to his prior convictions was not voluntary and intelligent under the totality of the circumstances. The trial court did not expressly rule on this ground, and defendant does not raise the issue on appeal.

the trial court denied this petition on the ground that it had ruled on and denied the prior petition on March 8, 2019.

Defendant filed a timely notice of appeal only from the trial court's ruling of March 8, 2019.

## DISCUSSION

Defendant does not contend that the court file or appellate opinion did not show that he was not convicted under the felony-murder rule or the natural and probable consequences doctrine, instead he complains of the procedure followed by the court. Defendant contends that "the trial court erred when it treated a writ of habeas corpus as a petition under section 1170.95, summarily denied that petition on March 8, 2019 and subsequently, rejected the March 29, 2019 petition for resentencing because of the summary denial on March 8, 2019." Defendant asserts that the March 8 ruling must therefore be reversed, and the matter remanded to allow defendant to proceed on the section 1170.95 petition filed on March 29 or to refile a section 1170.95 petition.

We find nothing in section 1170.95 which requires a petition for relief under that section to be on a particular form or in a particular format. Defendant cites no authority for the assertion implied in his argument that the trial court may not treat a petition labeled as one for habeas corpus as another type of petition even when the allegations demonstrate that it is procedurally appropriate to do so. Contrary to defendant's suggestion, "'[t]he label given a petition, action or other pleading is not determinative; rather, the true nature of a petition or cause of action is based on the facts alleged and remedy sought in that pleading.' [Citation.]" (*People v. Picklesimer* (2010) 48 Cal.4th 330, 340.) Defendant's habeas petition contained the allegations

6

required by section 1170.95, and it requested the relief provided by that section. The trial court thus did not err in treating the habeas petition as one for relief under section 1170.95.

Defendant also argues that section 1170.95 provides for summary denial *only* as stated in subdivision (b)(2) of the statute and only without prejudice, when information necessary to make a ruling is missing from the petition and cannot be readily ascertained by the court. In essence, defendant contends that even when the trial court apparently has all the information needed to find the petitioner ineligible as a matter of law, it may not do so, and that so long as the petition makes the necessary allegations, the court must find that the petitioner has made a prima facie showing that he is entitled to relief under section 1170.95.

We disagree. The first sentence of section 1170.95, subdivision (c) obligates the trial court to "review the petition *and* determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section." (Italics added.) The statute does not state that the trial court must review *only* the petition to determine whether petitioner falls within the provisions of the statute. Indeed, subdivision (b)(2) of section 1170.95 allows the court to review necessary information which can be "*readily ascertained*" if necessary. (Italics added.) It stands to reason that the information most readily ascertainable by the trial court would be in the record of conviction.

Defendant does not take issue with the court's review of the appellate opinion in *Miller I*, but argues that the trial court erred in relying on the statement of facts in the opinion to determine the circumstances of the crimes. First he reasons that trial

7

evidence in an appellate opinion is summarized in the light most favorable to the judgment. Defendant made no such claim in his appeal. The only claimed errors in the appeal were the exclusion of the accomplice statement which defendant claimed was exonerating, and the denial of a motion for mistrial due to the exclusion of the statement. (See *Miller I*, *supra*, B165190.)

Second, defendant claims that the court was not permitted to take judicial notice of the truth of the facts in the appellate opinion. None of the authorities cited by defendant support this contention.[6] Indeed, none involved judicial notice of an opinion issued in a defendant's appeal and reviewed in order to determine a *sentencing* issue. Contrary to defendant's claim, "appellate opinions, in general, are part of the record of conviction that the trier of fact may consider in determining whether a conviction qualifies under the sentencing scheme at issue." (*People v. Woodell* (1998) 17 Cal.4th 448, 457.) "If the appellate court did state the pertinent facts, a trier of fact is entitled to find that those statements accurately reflect the trial record." (*Ibid.*)

Nevertheless, the trial court did not state that it was relying solely on the opinion. The memorandum of decision indicated that the trial court also reviewed the court file. Several

---

[6]     See, e.g., *Gilmore v. Superior Court* (1991) 230 Cal.App.3d 416 [facts for summary judgment in wrongful death action taken from appellate opinion]; *People v. Tolbert* (1986) 176 Cal.App.3d 685 [order sustaining demurrer to information based on magistrate's factual finding at preliminary hearing]; *People v. Long* (1970) 7 Cal.App.3d 586 [use of juvenile court file to sustain new charges]; *Love v. Wolf* (1964) 226 Cal.App.2d 378 [transcript of United States Senate committee hearing to prove product liability].

appellate courts have recently concluded that an initial determination of whether a petitioner's conviction falls within the statutory provisions should be based upon the record of conviction, in addition to the allegations of the petition. (See *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1137-1138 (*Lewis*), review granted Mar. 18, 2020, S260598; accord, *People v. Verdugo* (2020) 44 Cal.App.5th 320, 333 (*Verdugo*), review granted Mar. 18, 2020, S260493.) One court noted that such an initial determination of the petitioner's "statutory eligibility for resentencing [is] a concept that is a well-established part of the [analogous] resentencing process under Propositions 36 and 47. [Citations.]" (*Verdugo*, *supra*, at p. 329, citing *People v. Page* (2017) 3 Cal.5th 1175, 1188-1189 [Proposition 47]; *Teal v. Superior Court* (2014) 60 Cal.4th 595, 600 [Proposition 36]; see also *Lewis, supra*, at p. 1138, citing *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1341.) The record of conviction includes not only the appellate opinion, but also such documents as the complaint, information or indictment filed against the petitioner, the verdict form, and the abstract of judgment. (*Verdugo*, *supra*, at pp. 329-331.)

We have reviewed the appellate opinion and the clerk's transcript in the record on appeal filed in *Miller I*. Defendant was charged by amended information with one count of murder (§ 187, subd. (a)) and three counts of attempted murder (§§ 664/187), with the special allegations that the attempted murders were willful, deliberate, and premeditated (§ 664, subd. (a)), and as to all counts that a principal personally used a firearm (§ 12022, subd. (a)(1)). In 2002, following a jury trial, defendant was convicted of all four counts, and the jury found the

murder to be in the first degree and found true the special allegations.

Vacatur and resentencing is available only to those convicted of felony murder or murder under the natural and probable consequences doctrine. Felony-murder liability is imposed upon a person who, harboring *no intent to kill or even implied malice*, aids and abets an accomplice in the commission of an inherently dangerous felony, and the accomplice kills in the commission of the intended crime. (*People v. Bryant* (2013) 56 Cal.4th 959, 965.) Under the natural and probable consequences doctrine, a "'person who knowingly aids and abets criminal conduct is guilty of not only the intended [target] crime . . . but also of any other crime the perpetrator actually commits . . . that is a natural and probable consequence of the intended crime.'" (*People v. Medina* (2009) 46 Cal.4th 913, 920.)

We have reviewed the jury instructions contained in the clerk's transcript. There was no instruction given regarding felony murder or the natural and probable consequences doctrine. Although the trial court read CALJIC No. 8.11, which defines malice and instructs that malice may be express or implied, the court omitted the definition of implied malice as well as the optional explanation of the natural and probable consequences doctrine. Among the instructions read by the trial court was CALJIC No. 8.66, which instructs that the person committing the act must harbor an intent to kill. The trial court also read CALJIC No. 3.01, which defines direct aiding and abetting, and instructs that "A person aids and abets the commission or attempted commission of a crime when he or she, [¶] 1. With knowledge of the unlawful purpose of the perpetrator and [¶] 2. With the intent or purpose of committing or encouraging or

10

facilitating the commission of the crime, and [¶] 3. By act or advice aids, promotes, encourages or instigates the commission of the crime."

We are satisfied that the record of conviction contained all the necessary information for the trial court to make the initial determination whether defendant fell within the provisions of the statute and whether he had made a prima facie showing of entitlement to relief, as required by section 1170.95, subdivision (c). As all such information was readily ascertained, the court was not required to deny the petition without prejudice. (See § 1170.95, subd. (b)(2).)

As the record of conviction shows that the prosecution did not proceed on a theory of felony murder, and defendant was not convicted of felony murder or murder under the natural and probable consequences doctrine, section 1170.95 relief is unavailable to him. (See § 1170.95, subd. (a).) As defendant does not fall within the provisions of the statute, he is ineligible for relief as a matter of law. (See § 1170.95, subd. (c); *Verdugo*, *supra*, 44 Cal.App.5th at p. 329.) The trial court thus did not err in summarily denying defendant's petition. (See *Verdugo*, at pp. 328-330; *Lewis, supra*, 43 Cal.App.5th at pp. 1137-1138; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 57-58, review granted Mar. 18, 2020, S260410.) Nor did the trial court err in doing so without appointing counsel. (*Lewis*, at p. 1140.)

11

**DISPOSITION**

The order of March 8, 2020, treating defendant's petition for habeas corpus as one for relief under section 1170.95, and summarily denying the petition, is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
CHAVEZ

We concur:


_____, P. J.
LUI


_____, J.
HOFFSTADT